ROBBINS GELLER RUDMAN
  & DOWD LLP
JERRY E. MARTIN (20193)
CHRISTOPHER M. WOOD (254908)
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:19-cv-00024 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM'S |
| vs. | ) ) | MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS FOR |
| ASTEC INDUSTRIES, INC., et al., | ) ) | APPOINTMENT AS LEAD PLAINTIFF |
| Defendants. | ) ) ) | |

## I. INTRODUCTION

City of Taylor General Employees Retirement System (the "Retirement System") filed this securities class action on February 1, 2019. *See* ECF No. 1. On April 2, 2019, two individual class members subsequently filed separate motions for appointment as lead plaintiff: (1) Kelly Green; and (2) Lynn Johnson. ECF Nos. 21, 22.[1]

The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates the appointment of lead plaintiff in this securities case. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA states, in pertinent part, that the "most adequate plaintiff" to be appointed lead plaintiff is the one which: (1) filed the complaint *or* made a motion; (2) has the largest financial interest; and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Neither of the two individuals that made motions seeking appointment as lead plaintiff qualifies as the presumptive lead plaintiff because neither has made the *prima facie* showing of typicality and adequacy which was required of them. The Court knows nothing about any of the individual movants other than their names. In fact, both of the individuals' Certifications are redacted, precluding the Court from even ascertaining where in the world they reside, or Googling their names in an attempt to determine their occupations, investing history, and whether they have any experience overseeing lawyers in complex litigation. *See* ECF Nos. 21-4, 22-4. As the record is devoid of any information that might shed light on these individuals' typicality or adequacy, none have made the requisite *prima facie* showing necessary to trigger the PSLRA presumption. *See Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) (denying individuals' lead plaintiff motion where there was "no evidence" other than the certifications "that they are the type of sophisticated investor who can control a multi-million dollar class action" and finding that "[s]imply

---

[1] On April 12, 2019, Kelly Green filed a notice of non-opposition to Lynn Johnson's motion. ECF No. 32.

making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task").  The individual movants' motions should be denied.

In contrast, the Retirement System which filed the complaint is the only institutional investor before the Court, and the Retirement System is ideally situated to serve as lead plaintiff in this case. *See In re Unumprovident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *16 (E.D. Tenn. Nov. 6, 2003) ("The legislative history of the PSLRA does demonstrate a strong congressional preference for institutional investors to serve as lead plaintiffs in securities class actions.").  "The reasoning behind Congress' preference for institutional investors was based on an understanding of institutional investors and other large shareholders as better able to advance the interests of the class as a whole and effectively monitor the plaintiffs' attorneys." *Id* at *17; *see also Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 853 (E.D. Pa. 2018) (finding institution was "more capable of representing the interests of the [class] members" even though competing individual investors claimed larger losses).  The individuals' motions should be denied and the Retirement System should be appointed Lead Plaintiff.

## II.     ARGUMENT

Pursuant to the PSLRA, the "Court must 'appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.'" *Burgraff v. Green Bankshares, Inc*., No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573, at *3 (E.D. Tenn. Feb. 11, 2011); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("the goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class").[2]  Importantly, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by

---

[2]     Unless otherwise noted, all emphasis is added and citations are omitted.

1551251_1

the class' satisfies the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264. Rather, it is the movant's burden to "state[] a *prima facie* case of typicality and adequacy." *Id.* And, "[i]n conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.*

In making this assessment, "courts should consider whether [the movant] 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* at 265. And, after doing so, "a court might conclude that the movant with the largest losses could not surmount the threshold adequacy inquiry if it lacked legal experience or sophistication." *Id.*

"If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should explain its reasoning on the record (so that appellate courts will have an adequate basis for review) and disqualify that movant from serving as lead plaintiff." *Id.* at 267. "The court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *Id.*

### A. Neither of the Individual Movants Has Triggered the PSLRA Presumption

Both of the individuals seeking appointment as lead plaintiff base their *prima facie* showing of typicality and adequacy solely on their names and claimed financial interest. That is insufficient. *See Clair*, 232 F.R.D. at 227 ("[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task").

In fact, the very information that might have shed light on the individuals' identities was inexplicably redacted. *See* ECF Nos. 21-4, 22-4. This fact alone precludes a finding of adequacy.

- 3 -

*See Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 449 (D. Mass. 2018) (finding movant's submissions, including a certification with redactions, "did not provide sufficient information for the court to decide whether [the movant] satisfied all of the PSLRA's requirements for serving as lead plaintiff").

Faced with a similar lack of information, another district court recently *sua sponte* ordered all individual lead plaintiff applicants to file a declaration setting forth, among other facts: "(i) each individual's city and state of residence; (ii) each individual's occupation; (iii) whether and to what extent the moving individuals are familiar with one another; (iv) how each individual came to retain his/her respective lawyer(s); and (v) the general nature of each individual's investment in [the company]." *Desilvio v. Lion Biotechnologies, Inc.*, No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017) (attached as Exhibit A to the Declaration of Christopher M. Wood in Support of City of Taylor General Employees Retirement System's Memorandum of Law in Opposition to Motions for Appointment as Lead Plaintiff ("Wood Decl.")); *see also In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that "record contains no evidence that [individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Garbowski*, 302 F. Supp. 3d at 449 (same).

On the record timely before this Court, it is impossible for the Court to even begin to attempt to make the determination the PSLRA requires of it as to whether any of the individuals are qualified or have the necessary capacity to serve as lead plaintiff. Who are they? Where do they live – and are they even in the U.S.? What are their backgrounds and occupations? Do they understand a lead plaintiff's duties and responsibilities? Do they have any experience overseeing lawyers in complex litigation? Or any experience serving as a fiduciary? Did they speak with counsel prior to the filing of their motion for lead plaintiff, and how many times? Did they understand that by submitting their Certification on their counsel's website, they were agreeing to be a lead plaintiff movant?

- 4 -

Without such basic information, neither of the individuals has complied with the PSLRA by making a timely showing of his or her Rule 23 adequacy requirement and both have failed to trigger the PSLRA presumption. *See Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. Jan. 22, 2019) (denying individual's lead plaintiff motion because he "failed to include any basic details about himself, including where he lives or who he is specifically in his motion" which failure made it "difficult" for court "to determine whether [he] would indeed be a typical plaintiff for the class").[3]

Because of the barebones information provided by the individuals, the Court cannot even be sure the individuals are aware they have moved for lead plaintiff appointment, or whether they merely submitted their Certifications on counsel's website as a pre-requisite to "join this class action." *See* Wood Decl., Exs. B, C. Consequently, because nothing more than the Certifications have been submitted by the individuals, it is unclear whether they have even ever spoken with their counsel or understand that they have agreed to move for appointment as lead plaintiff, or what the requirements of a lead plaintiff entail.

Moreover, both of the individual movants have the same local counsel. *Compare* ECF No. 21 *with* ECF No. 22 (same local counsel on both movants' papers). Yet, nowhere do the individuals indicate that they are aware that their local counsel is the same as the other movant's local counsel, or that they personally authorized their local counsel to serve as local counsel for a competing movant. All of these questions raise serious concerns that counsel, rather than the plaintiffs themselves, are controlling the litigation, contrary to the main purpose of the PSLRA – to prevent

---

[3]     Significantly, the individual whose lead plaintiff motion was denied in *Qualcomm* for failing to make a *prima facie* showing of typicality and adequacy was represented by the same counsel that represents Lynn Johnson here. In addition, the firm that represents Kelly Green here represented individual plaintiffs in *Lion* that, instead of providing the required information, withdrew their motion. *See* Wood Decl., Ex. D. Despite the orders in these cases, these firms still failed to submit anything other than the bare names of the individual lead plaintiff movants here.

lawyer-driven litigation.  *See Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at \*17 ("PSLRA 'is intended to empower investors so they, not their lawyers, control securities litigation'") (quoting S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685); *see also In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1047 (N.D. Cal. 1999) (explaining that the PSLRA was designed "to curb the use of . . . figurehead plaintiffs who would serve the interests of plaintiffs' lawyers, not the class"); *Garbowski*, 302 F. Supp. 3d at 443 ("a purpose of the PSLRA is to assure that securities class actions will be directed by lead plaintiffs who are willing and able to select and supervise class counsel").

Because they have each failed to demonstrate their typicality and adequacy, both Kelly Green's and Lynn Johnson's motions should be denied.

### B.     The Retirement System Is the Presumptive Lead Plaintiff

In stark contrast to the individuals about whom nothing is known, the Retirement System is a transparent institutional movant with a public website – http://www.taylor.lib.mi.us/278/General-Employees-Retirement-Board.  This is certainly a key part of the Court's assessment of which movant is the most adequate as the "PSLRA's legislative history expressly states that Congress anticipated and intended that [institutional] investors would serve as lead plaintiffs." *Cendant*, 264 F.3d at 243-44.[4]

As a result, "'many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs.'" *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014).  In fact, "[t]his preference has been determinative in other cases, even

---

[4]     *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'").

1551251-1

when an institutional investor has a slightly lower loss than another potential lead plaintiff." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *Juliar v. SunOpta, Inc.*, No. 08 Civ. 933 (PAC), 2009 U.S. Dist. LEXIS 58118, at *9-*10 (E.D.N.Y. Jan. 30, 2009) (appointing institutional investor over an individual investor with larger losses).

For example, in *Pelletier*, a group of two individuals claimed a larger combined loss than an institutional investor. 316 F. Supp. 3d at 854. Recognizing that "the attorneys recruited [the individuals] as clients rather than the [individuals] selecting the attorneys," that the individuals "had no prior contact nor relationship with each other, and had no prior attorney-client relationship with its proposed lead counsel," and the individuals "do not have the sophistication or the involvement of the Fund," the court determined that the "scale tips in favor of the Fund." *Id.* at 854-55 (acknowledging that the "Fund is a sophisticated investor who has an ongoing relationship with its proposed lead counsel").

So too here. The Retirement System provides benefits to hundreds of city employees and manages millions of dollars in assets. Compared to the individuals who have not demonstrated an ability to oversee counsel, the Retirement System has experience overseeing outside counsel, as well as investment managers and auditors.

As an institutional investor that filed this action, suffered a substantial loss ($12,867), and selected qualified counsel, the Retirement System is the paradigmatic lead plaintiff candidate. *See* ECF No. 1 at 49-50; Wood Decl., Ex. E; *Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 U.S. Dist. LEXIS 110187, at *13 (S.D.N.Y. July 2, 2018) (denying group's motion and granting institution's motion despite fact that institution's loss was nearly $130,000 smaller than the group's loss). Indeed, other than pointing out its relatively lower financial stake in the litigation, the other movants cannot make any legitimate argument against the Retirement System's appointment as lead plaintiff in this case. The Retirement System should be appointed Lead Plaintiff.

- 7 -

## III. CONCLUSION

Neither of the individual lead plaintiff movants have triggered the PSLRA's most adequate plaintiff presumption. Consequently, their motions should be denied. The Retirement System should be appointed Lead Plaintiff, and its selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel should be approved.

DATED: April 16, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JERRY E. MARTIN
CHRISTOPHER M. WOOD

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
brobbins@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

- 8 -

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 16, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 800/449-4900
615/252-3798 (fax)

E-mail: cwood@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-00024-PLR-CHS City of Taylor General Employees Retirement System v. Astec Industries, Inc. et al (PLR1)

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard W Bethea , Jr**
  rbethea@chamblisslaw.com,ktaubert@chamblisslaw.com,tmcclendon@chamblisslaw.com

- **Paul K Bramlett**
  PKNASHLAW@aol.com

- **Elizabeth Gingold Clark**
  elizabeth.clark@alston.com

- **Brian E Cochran**
  bcochran@rgrdlaw.com

- **John G Jackson**
  jjackson@chamblisslaw.com,lschmidt@chamblisslaw.com,lhiggins@chamblisslaw.com

- **John A Jordak**
  john.jordak@alston.com,jenny.hillman@alston.com

- **Phillip Kim**
  PKIM@ROSENLEGAL.COM

- **Jerry E Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Robert J Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Christopher Martin Wood**
  cwood@rgrdlaw.com,9101599420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Daniel          I Tyre-Karp
The Rosen Law Firm, P.A.
275 Madison Avenue
34th Floor
New York, NY 10016
```

Case 1:19-cv-00024-CEA-CHS   Document 35   Filed 04/16/19   Page 12 of 12