UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

CITY OF TAYLOR GENERAL EMPLOYEES
RETIREMENT SYSTEM, Individually and On
Behalf of All Others Similarly Situated,

     Plaintiff,

     vs.

ASTEC INDUSTRIES, INC., BENJAMIN G.
BROCK and DAVID C. SILVIOUS,

     Defendants.

No.: 1:19-cv-00024-PLR-CHS

CLASS ACTION

## REPLY OF INTERVENOR KELLY GREEN TO RESPONSE OF CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM (DKT. NO. 36)

On April 12, 2019, movant Kelly Green filed a notice of non-opposition to competing motions seeking appointment as Lead Plaintiff and approval of selection of counsel in the above-captioned action. (Dkt. No. 32). On April 16, Plaintiff City of Taylor General Employees Retirement System (the "Retirement System") filed a submission, puzzlingly styled as an "opposition" (Dkt. No. 36) to Mr. Green's Lead Plaintiff motion (Dkt. No. 21), despite the fact that Mr. Green had by then advised the Court and the parties that he did not oppose the appointment of the competing movants. It appears that the Retirement System's counsel, Robbins Geller Rudman

1

& Dowd LLP ("Robbins Geller"), opted to use this response brief as an opportunity to disparage, baselessly, the *bona fides* of both Mr. Green—who, again, ***is no longer seeking appointment as Lead Plaintiff in this action***, and of Mr. Green's chosen counsel, Pomerantz LLP ("Pomerantz").

Although Mr. Green no longer seeks appointment as Lead Plaintiff in this action, in order to address certain of the baseless speculation and innuendo that Robbins Geller has put before the Court, Mr. Green hereby responds to Robbins Geller's submission.

The arguments adduced ostensibly on behalf of the Retirement System[1] constitute only the latest occurrence in what is by now an established pattern by Robbins Geller in the context of PSLRA motion practice. Faced with a competing movant, Robbins Geller instinctively turns to its well-worn playbook of casting aspersions upon the movant and/or its counsel, often by advancing speculation and innuendo as to the movant's *bona fides*, unsupported by meaningful evidence, in an effort to disqualify them from consideration, often creating an onerous and unnecessary sideshow to the detriment of the class.

In *Staublein v. Acadia Pharmaceuticals, Inc.*, No. 3:18-cv-01647 (C.D. Cal.)

---

[1] Given Robbins Geller's purported concerns with respect to curbing attorney-driven litigation, Pomerantz respectfully questions how attacking the adequacy of Mr. Green will benefit Robbins Geller's client, the Retirement System, given that Mr. Green has already stated that he does not oppose the Retirement System's motion.

2

("*Acadia*"), putative class members Siry Investments LP ("Siry")—represented by Robbins Geller—and Thomas Wood filed competing lead plaintiff motions. *Acadia* Dkt. Nos. 19-20. Notwithstanding the fact that Mr. Wood had an extremely common name, Robbins Geller appears to have simply searched the internet until it found an individual named Thomas Wood who *might* be subject to unique defenses *if* he had filed a motion for appointment as Lead Plaintiff. Then, rather than contacting Mr. Wood's counsel to determine whether this was, in fact, the lead plaintiff movant at issue—and it was, in fact, a different individual—Robbins Geller opted instead to launch baseless and self-serving attacks against Mr. Wood based on the information found online, even questioning whether Mr. Wood was aware that a motion had been filed on his behalf seeking appointment as lead plaintiff. *Acadia* Dkt. Nos. 27, 31. Remarkably, even *after* learning that it had spent its and the court's time disparaging the wrong Mr. Wood in its motion papers, and *after* Mr. Wood submitted a detailed declaration attesting to his understanding of his motion, *Siry continued to oppose Mr. Wood's motion*. Ultimately, the court disregarded Siry's factually disproven assertions, was satisfied as to Mr. Wood's identity and to his understanding of the litigation, and appointed him as lead plaintiff. *Acadia* Dkt. No. 41.

Similarly, following the appointment of Moshe Onel, Amardeep Sidhu, and Joel Sofer (collectively, the "Top Ships Investor Group") as lead plaintiffs in the

3

action *Brady v. Top Ships, Inc. et al.*, 2:17-cv-04897 (E.D.N.Y.) ("*Top Ships*"), and after the Top Ships Investor Group filed an amended complaint, two competing movants, Mickey Nardiello and Zhenzhe Wang (collectively, "Nardiello and Wang")—again, represented by Robbins Geller—filed a motion for reconsideration, claiming baselessly that the court had overlooked evidence demonstrating that Nardiello and Wang were more adequate as class representatives than the Top Ships Investor Group. Nardiello and Wang then proceeded to submit *new*—*i.e.*, as opposed to previously submitted and overlooked—evidence that they claimed, *inter alia*, demonstrated both that they possessed a meaningful pre-litigation relationship and that the Top Ships Investor Group's counsel had engaged in bad-faith conduct in connection with its motion. *Top Ships* Dkt. Nos. 64-65. The evidence introduced in connection with the reconsideration motion did ***not*** demonstrate a meaningful relationship between Nardiello and Wang, but ***did*** demonstrate that Nardiello had posted a litany of bizarre and antagonistic messages on internet message boards concerning the litigation, including using racist and sexist slurs. *Top Ships* Dkt. No. The court ultimately denied Nardiello and Wang's motion for reconsideration (*Top Ships* Dkt. No. 82), finding that it had not overlooked any relevant facts or law, that the Top Ships Investor Group's counsel had not engaged in bad-faith conduct, and that Nardiello's disparaging comments regarding other class members would in any event raise questions as to the propriety of appointing

4

Nardiello and Wang as lead plaintiffs. Nardiello and Wang's reconsideration motion thus proved to be wholly baseless, ultimately accomplishing nothing but a lengthy delay in the litigation against Top Ships, to the prejudice of the investor class.

The following examples further illustrate that Robbins Geller's attacks on Mr. Green are merely par for the course in the firm's PSLRA litigation practice:

- In *Rao v. Quorum Health Corporation et al.*, 3:16-cv-2475 (M.D. Tenn.) ("*Quorum*"), lead plaintiff movant IBEW 673 Pension Plan (the "Pension Plan"), represented by Robbins Geller, alleged a loss of only $37,000 in connection with the fraud at issue, while movant Zwick Partners LP ("Zwick Partners") alleged a significantly greater loss of nearly $163,000. Nevertheless, Robbins Geller sought to disqualify Zwick Partners by baselessly characterizing it as a "secretive" and "enigmatic hedge fund" with a "lack of transparency". *Quorum* Dkt. No. 59 at 3. The court found that the Pension Plan "ha[d] not provided any case law to support its position" or "proof" of its accusations, but granted limited discovery into Zwick's adequacy. Dkt. No. 67 at 3-5. Following discovery, the court found that the Pension Plan had still failed to "rebut the statutory presumption that Zwick is the most adequate plaintiff" and granted Zwick's motion. *Quorum* Dkt. No. 84 at 1.

- In *In re Signet Jewelers Limited Securities Litigation*, 1:16-cv-06728 (S.D.N.Y.) ("*Signet*"), Norfolk County Council as Administering Authority of the Norfolk Pension Fund ("Norfolk"), represented by Robbins Geller, alleged a loss of only $1.5 million, while a competing movant, the Public Employees' Retirement System of Mississippi ("MissPERS"), alleged a significantly larger loss of $3.6 million. Norfolk sought to disqualify MissPERS, accusing MissPERS of engaging in "questionable arrangements" with its counsel by participating in "a kickback scheme". *Signet* Dkt. No. 73 at 5-6. Once again, the court was "unpersuaded" and found "that there is no evidentiary basis to conclude that MissPERS is not adequate to serve as lead plaintiff." *Signet* Dkt. No. 84 at 2.

In short, the aspersions cast upon Mr. Green in the Retirement System's response brief reveal nothing as to Mr. Green's adequacy or lack thereof, but merely reflect Robbins Geller's standard practice with respect to PSLRA motion practice. Counsel would be glad to provide any additional information requested by the Court in connection with the foregoing matters.

Dated: April 19, 2019

Respectfully submitted,

*/s/Paul Kent Bramlett*
PAUL KENT BRAMLETT
TN SUP CT #7387/MS SUP CT #4291
ROBERT PRESTON BRAMLETT
TN SUP CT #25895
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Telephone:615.248.2828
Facsimile: 866.816.4116
Email: PKNASHLAW@aol.com
Email: Robert@BramlettLawOffices.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com

6

*Counsel for Kelly Green*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Kelly Green*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of April 2019, I electronically filed the foregoing ***Reply of Kelly Green*** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

*s/**Paul Kent Bramlett***
Paul Kent Bramlett

7