ROBBINS GELLER RUDMAN
  & DOWD LLP
JERRY E. MARTIN (20193)
CHRISTOPHER M. WOOD (254908)
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:19-cv-00024 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM'S |
| vs. | ) ) | REPLY MEMORANDUM IN RESPONSE TO LYNN JOHNSON'S AND KELLY |
| ASTEC INDUSTRIES, INC., et al., | ) ) | GREEN'S RESPONSES IN SUPPORT OF THEIR MOTIONS FOR APPOINTMENT AS |
| Defendants. | ) ) | LEAD PLAINTIFF |
| | ) | |

1555247_1

City of Taylor General Employees Retirement System (the "Retirement System") respectfully submits this memorandum of points and authorities in response to Response in Support of Lynn Johnson's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel and Reply of Intervenor Kelly Green to Response of City of Taylor General Employees Retirement System (ECF Nos. 34, 40).

## I.      INTRODUCTION

The only two remaining class members seeking appointment as lead plaintiff are: (1) the Retirement System; and (2) Lynn Johnson ("Mr. Johnson").[1]  Of these two, the Retirement System is the only one that satisfies all of the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Significantly, no challenge has been made regarding the Retirement System's ability to represent the class as lead plaintiff, nor has any opposition been made to its appointment. *See* ECF No. 34.  Indeed, as an institutional investor, the Retirement System is the prototypical lead plaintiff candidate.  ECF No. 35.  In 1995, Congress enacted the PSLRA for the express purpose of encouraging institutional investors to serve as lead plaintiff in securities class actions.  *See, e.g.*, H.R. Conf. Rep. No. 104-67, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[t]he Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs"); *In re Unumprovident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *16 (E.D. Tenn. Nov. 6, 2003) ("The legislative history of the PSLRA does demonstrate a strong congressional preference institutional investors serve as lead plaintiffs in securities class actions.").  There can be no reasonable dispute, therefore, that the Retirement System is both typical and adequate.

---

[1]     Although Kelly Green did not formally withdraw his motion, his reply now states unequivocally that Mr. Green "*is no longer seeking appointment as Lead Plaintiff in this action*."  ECF No. 40 at 2 (emphasis in original).

1555247_1

By contrast, the Retirement System has pointed out defects in Mr. Johnson's motion which demonstrate that he has failed to trigger the presumption of most adequate plaintiff. *See* ECF No. 35. These defects include Mr. Johnson's failure to provide any evidence that he ever spoke with anyone at The Rosen Law Firm, P.A. ("Rosen") prior to his motion being filed. *See id*; *see also Desilvio v. Lion Biotechnologies, Inc.*, No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017) ("*Lion* Order") (requiring individual movants to provide more information than just their names) (ECF No. 36-1); *Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 443 (D. Mass. 2018) (finding movant inadequate where there was no evidence of the movant's ability to oversee counsel); *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. Jan. 22, 2019) (denying individual's lead plaintiff motion because he "failed to include any basic details about himself, including where he lives or who he is specifically in his motion" which failure made it "difficult" for the court "to determine whether [he] would indeed be a typical plaintiff for the class").

In conjunction with his "response" to his lead plaintiff motion, Mr. Johnson submitted a vague Declaration which fails to cure these defects. *See* ECF No. 34-2. Indeed, the Declaration is most telling for the important information it neglects to provide. For instance, the Declaration, like Mr. Johnson's Certification, fails to state that Mr. Johnson even spoke with an attorney at Rosen ***prior*** to the filing of his motion, or that he authorized his local counsel to serve as local counsel for a competing movant. *See id.* In fact, Mr. Johnson does not state whether he understood that Rosen did not file the complaint in this action, or whether another lawyer directed him to Rosen. *Id.* Mr. Johnson's Declaration confirms that he is not in a position to adequately represent the class as sole lead plaintiff and actively direct the efforts of counsel. *See* §II.B., *infra*. Accordingly, Mr. Johnson should not be appointed as sole lead plaintiff to represent the class in this case.

The Retirement System is the only movant that satisfies all of the PSLRA's lead plaintiff requirements, and it should be appointed Lead Plaintiff.

## II.    ARGUMENT

### A.    The Retirement System Is the "Most Adequate Plaintiff"

No timely challenge has been made with regard to the Retirement System's ability to serve as lead plaintiff in this case.  *See* ECF No. 34.  Indeed, as an institutional investor that filed the complaint in this action, it is the prototypical lead plaintiff.  *Unumprovident,* 2003 U.S. Dist. LEXIS 24633, at \*16.  Significantly, "the presence of public pension funds correlates with high value settlements," and "institutional lead plaintiffs correlate with increased settlement amounts."  Stephen J. Choi and A.C. Pritchard, *Lead Plaintiffs and Their Lawyers: Mission Accomplished, or More to Be Done?* Univ. Mich. Law School, Law & Economics Working Papers, Art. 130, at 7 (May 3, 2017) (attached as Exhibit 1 to the Declaration of Christopher M. Wood in Support of City of Taylor General Employees Retirement System's Reply Memorandum in Response to Lynn Johnson's and Kelly Green's Responses in Support of Their Motions for Appointment as Lead Plaintiff ("Wood Reply Decl.")); *see also* Cornerstone Research, Securities Class Action Settlements 2017 Review and Analysis, at 12 (Wood Reply Decl., Ex. 2).[2]  Specifically, every year from 2008 through 2017, securities cases that were led by a public pension fund lead plaintiff resulted in millions of dollars more recovery to the classes than those led by individual investors.  Wood Reply Decl., Ex. 2 at 12. And, not surprisingly, institutional investor lead plaintiffs have been responsible for the largest securities class action recoveries in Tennessee federal courts, including the largest PSLRA recovery in this District:

- *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.) (Sharp, J.) (recovery of $215,000,000)

---

[2]    Conversely, "very small settlements (less than $3 million) are predominantly found in cases with individual lead plaintiffs."  *Id.*

- *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882 (M.D. Tenn.) (Haynes, J.) (recovery of $65,000,000)

- *Unumprovident*, No. 1:03-cv-0049 (E.D. Tenn.) (Collier, J.) (recovery of $40,000,000)

As a sophisticated institutional investor, the Retirement System is the only movant that meets all of the PSLRA's requirements. *See* ECF No. 35. The Retirement System should be appointed Lead Plaintiff.

### B. Mr. Johnson Has Failed to Demonstrate His Ability to Represent the Class

The Retirement System set forth numerous concerns that call into question Mr. Johnson's adequacy to represent the class as lead plaintiff. *See* ECF No. 35. The Declaration submitted by Mr. Johnson with his response (and signed two days after the Court's request that the parties agree on a hearing date) does nothing to mitigate the concerns raised by the Retirement System. Instead, the Declaration raises more questions regarding Mr. Johnson's ability to represent the class and obfuscates whether Mr. Johnson selected Rosen as lead counsel (or vice versa). *See Garbowski*, 302 F. Supp. 3d at 443 ("a purpose of the PSLRA is to assure that securities class actions will be directed by lead plaintiffs who are willing and able to select and supervise class counsel"). Significantly, the Declaration *does not*:

- state that he spoke to anyone at Rosen *prior to* his lead plaintiff motion being filed (ECF No. 34-2);

- explain when his "communications" with Rosen occurred or whether they occurred via email or telephone, or how many times Mr. Johnson communicated with Rosen (ECF No. 34-2, ¶5);

- state whether Mr. Johnson was aware that Rosen did not file the complaint in the action;

- state when Mr. Johnson selected Rosen as lead counsel or whether he specifically authorized Rosen to file a motion for lead plaintiff on his behalf; or

- state whether he was aware of and/or authorized his local counsel to act as local counsel for a competing movant.

- 4 -

Mr. Johnson's failure to provide important details regarding his retention of, and engagement with, Rosen prior to the filing of his lead plaintiff motion undermines his adequacy. Indeed, the absence of any evidence indicating that Mr. Johnson spoke with Rosen *prior* to the filing of his motion, authorized Rosen to file a motion for appointment as lead plaintiff on his behalf, or authorized the dual representation of his local counsel suggests that Mr. Johnson has not adequately fulfilled the important duty of selecting lead counsel for the class. *See Garbowski*, 302 F. Supp. 3d at 447 ("'one of a lead plaintiff's most important functions is to "select and retain" lead counsel'") (citation omitted); *Lion* Order (ECF No. 36-1) (requiring individual movants to provide more information than just their names). The ambiguity surrounding Mr. Johnson's relationship with Rosen and his engagement in the litigation to date raises concerns that Mr. Johnson is merely a "figurehead plaintiff[] who would serve the interests of plaintiffs' lawyers, not the class." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1047 (N.D. Cal. 1999); *see also Garbowski*, 302 F. Supp. 3d at 454; *Lion* Order (ECF No. 36-1).[3]

Mr. Johnson's failure to provide details surrounding his motion for lead plaintiff demonstrates that Mr. Johnson has failed to trigger the presumption of most adequate plaintiff, and has failed to demonstrate that he is able to oversee counsel and serve as the sole representative for the class in this case.

## C. If the Court Is Inclined to Appoint Mr. Johnson, He Should Be Appointed Co-Lead Plaintiff with the Retirement System

In the event the Court is inclined to appoint Mr. Johnson as lead plaintiff, the Court should exercise its discretion and appoint him as co-lead plaintiff with the Retirement System. Appointing an institutional investor like the Retirement System will ensure that the class is protected. In fact,

---

[3]    Mr. Johnson's Declaration (and anything submitted on reply) is also untimely as it was not filed with his motion within the 60-day time limit. *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) (stating the 60-day time limit is "unequivocal and allows for no exceptions").

"several courts have used their discretion to make an institutional investor co-lead plaintiff with an individual in order to provide the added benefits of institutional investors identified by Congress." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 440 (S.D. Tex. 2010); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *30(N.D. Cal. Aug. 19, 2002) ("The Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will adequately be represented in the prosecution of this action."); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D.Va. 2003) (same); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone"); *Malasky v. IAC/Interactive Corp.*, No. 04 Civ. 7447 (RJH), 2004 U.S. Dist. LEXIS 25832, at *12-*13 (S.D.N.Y. Dec. 21, 2004) (citing cases and appointing institutional plaintiff to "ensure adequate representation to the prospective class").

Such discretion is warranted here particularly due to the concerns raised by Mr. Johnson's motion regarding oversight of counsel. *See* ECF No. 35. As a result, the Retirement System respectfully requests that the Court decline to appoint Mr. Johnson as sole lead plaintiff, and if he is to be appointed at all, appoint him as co-lead plaintiff with the Retirement System.

### D. Mr. Green's Reply Fails to Rebut the Presumption of Most Adequate Plaintiff Which Lies in Favor of the Retirement System

On April 19, 2019, lead plaintiff movant Kelly Green filed a curious reply to the Retirement System's opposition to his and Mr. Johnson's lead plaintiff motions (ECF No. 36). ECF No. 40. Although his Reply inaccurately implies that he had withdrawn his lead plaintiff motion prior to the Retirement System's opposition, the only response filed by Mr. Green was a one-sentence statement that he did not oppose the appointment of Lynn Johnson. ECF No. 32. As a result, the Retirement System's opposition brief included arguments against the appointment of Mr. Green, along with

- 6 -

those against Mr. Johnson, because Mr. Green's motion was still pending. Mr. Green's Reply is therefore the "puzzling" filing as it takes the Retirement System's counsel to task for opposing a live, pending motion.

Mr. Green's Reply is also an irrelevant attempt to reargue cases not before this Court. However, to the extent the Court were to consider Mr. Green's Reply, Mr. Green's angst, directed toward the Retirement System's counsel, is misplaced. Mr. Green's real argument is with the PSLRA's explicit language allowing class members to demonstrate that competing movants are either atypical and/or inadequate to represent the class as lead plaintiff. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii). He also appears to take umbrage with the PSLRA's language allowing class members to seek discovery of lead plaintiff movants where they have demonstrated a reasonable basis for doing so. *See* 15 U.S.C. §78u-4(a)(3)(B)(iv).

Mr. Green points to four cases where courts have found rebuttal evidence against competing movants to be insufficient, including one case where the court found the concerns raised by the Retirement System's counsel to be serious enough to warrant discovery of a competing movant. ECF No. 40 at 2-5.[4] In highlighting these few cases, Mr. Green conveniently ignores both the PSLRA's direct language, and the numerous cases in which the Retirement System's counsel's arguments have assisted the class in preventing an inadequate/atypical class member from representing the class as lead plaintiff. *See, e.g.*, *Qualcomm*, 2019 U.S. Dist. LEXIS 10269;

---

[4] Significantly, the kickback scheme raised by the Retirement System's counsel in the *Signet Jewelers* action was one the Second Circuit itself found concerning enough to conclude that the allegations should be unsealed because they would be relevant to a district court deciding whether the Public Employees' Retirement System of Mississippi should be appointed lead plaintiff or whether its counsel should be appointed lead counsel in future class actions. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) ("this allegation would naturally be of legitimate interest to the public . . . and to federal courts in the future (e.g., those considering whether to name BLB & G as lead counsel or find MPERS to be an adequate class representative in future class actions)"). Mr. Green's inference that the Retirement System's counsel should not have raised the issues in the *Signet Jewelers* case to allow the district court in the Second Circuit to consider the allegations in appointing a lead plaintiff and lead counsel is itself concerning.

*Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018); *Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-726, 2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014). Moreover, the Retirement System's arguments are based on the fact that: (i) Mr. Green's counsel has represented individuals in the past in cases in which the courts have pointed out that the firm "recruited" the clients rather than the clients selecting the firm; and (ii) the firm's individual clients have withdrawn motions as opposed to submitting information to allow the courts to assess the individuals' adequacy. *See, e.g.*, *Pelletier v. Endo Int'l PLC*, No. 2:17-cv-05114-TJS, ECF No. 57 at 14 (E.D. Pa. June 19, 2018); *Lion* Order (ECF No. 36-1); *Garbowski v. Tokai Pharm., Inc.*; No. 1:16-cv-11992-MLW, ECF No. 61 (D. Mass. Mar. 16, 2018); *Stires v. Eco Science Sols., Inc.*, No. 1:17-cv-05161-RMB-KMW, ECF No. 3 (D.N.J. Feb. 14, 2018); *DeSmet v. Intercept Pharm. Grp., Inc.*, No. 1:17-cv-07371-LAK, ECF No. 51 (S.D.N.Y. June 1, 2018).

The concerns raised here by the Retirement System's counsel regarding the individuals' motions (which provided no information other than the movants' names) were done, as the PSLRA allows, in order to ensure that the class is protected and represented by the most adequate plaintiff. Indeed, the Retirement System is particularly concerned that the class is adequately protected by the most adequate plaintiff here because the Retirement System filed this action.

## III. CONCLUSION

The Retirement System is the only lead plaintiff candidate that satisfies all of the PSLRA's lead plaintiff requirements. Consequently, the Retirement System respectfully requests that it be appointed as Lead Plaintiff and that its selected counsel be appointed Lead Counsel for the class. Finally, because Mr. Johnson fails to meet the requirements of Rule 23, his motion should be denied in its entirety, or at most, he should only be appointed co-lead plaintiff with the Retirement System to ensure the class is adequately protected by a sophisticated institutional investor.

- 8 -

DATED: April 23, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JERRY E. MARTIN
CHRISTOPHER M. WOOD

         s/ Christopher M. Wood
       CHRISTOPHER M. WOOD

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
jmartin@rgrdlaw.com
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
brobbins@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 9 -

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for [Proposed] Lead Plaintiff

1555247_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 23, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Christopher M. Wood
CHRISTOPHER M. WOOD

ROBBINS GELLER RUDMAN
    & DOWD LLP
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)

E-mail:  cwood@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-00024-PLR-CHS City of Taylor General Employees Retirement System v. Astec Industries, Inc. et al (PLR1)

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard W Bethea , Jr**
  rbethea@chamblisslaw.com,ktaubert@chamblisslaw.com,tmcclendon@chamblisslaw.com

- **Paul K Bramlett**
  PKNASHLAW@aol.com

- **Elizabeth Gingold Clark**
  elizabeth.clark@alston.com

- **Brian E Cochran**
  bcochran@rgrdlaw.com

- **John G Jackson**
  jjackson@chamblisslaw.com,lschmidt@chamblisslaw.com,lhiggins@chamblisslaw.com

- **John A Jordak**
  john.jordak@alston.com,jenny.hillman@alston.com

- **Phillip Kim**
  PKIM@ROSENLEGAL.COM

- **Jerry E Martin**
  jmartin@barrettjohnston.com,nchanin@barrettjohnston.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **Robert J Robbins**
  rrobbins@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Daniel I Tyre-Karp**
  dtyrekarp@rosenlegal.com

- **Christopher Martin Wood**
  cwood@rgrdlaw.com,9101599420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Case 1:19-cv-00024-CEA-CHS     Document 42     Filed 04/23/19     Page 13 of 14

- (No manual recipients)

Case 1:19-cv-00024-CEA-CHS     Document 42     Filed 04/23/19     Page 14 of 14     PageID #: 690