CITY OF TAYLOR GENERAL EMPLOYEES ) 
RETIREMENT SYSTEM, Individually and on ) No. 1:19-cv-00024-PLR-CHS
Behalf of All Others Similarly Situated, )
                                            )
                         Plaintiff, ) CLASS ACTION
                                            )
      vs. )
                                            ) Chief Judge Pamela L. Reeves
ASTEC INDUSTRIES, INC., BENJAMIN G. )
BROCK, DAVID C. SILVIOUS, and ) Mag. Judge Christopher H. Steger
MALCOLM SWANSON, )
                                            )
                   Defendants. )

## <u>DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY</u>

Defendants Astec Industries, Inc. ("Astec"), Benjamin G. Brock, David C. Silvious, and

Malcolm Swanson (collectively, "Defendants"), submit this Notice of Filing Supplemental

Authority pursuant to Local Rule 7.1(d) regarding the June 1, 2020 Memorandum Opinion and

Order in *Pittman v. Unum Group, et al.*, Case No. 1:18-cv-00128-DCLC-CHS (E.D. Tenn.) where

The Honorable Clifton L. Corker granted the defendants' Rule 12(b)(6) motion and dismissed the

action with prejudice.[1]  For the reasons below, Defendants call this new legal development to the

Court's attention because it provides a contemporaneous road map for analyzing the key elements

at issue in Defendants' Motion to Dismiss Amended Complaint [Doc. No. 63] and was decided

after briefing was complete.

*Pittman*, like the present action, was a putative shareholder securities class action filed

against Unum Group ("Unum") and certain Unum executives (the "Unum Individual Defendants,"

---

[1] The Memorandum Opinion and Order is available on Lexis as *Pittman v. Unum Grp.*, No. 1:18-cv-154-DCLC, 2020 U.S. Dist. LEXIS 97379 (E.D. Tenn. June 1, 2020) and is attached hereto as Exhibit A.

together with Unum, the "Unum Defendants") alleging material misrepresentations in violation of Sections 10(b) and 20(a) of the Exchange Act.[2] Judge Corker held the complaint failed to allege a material misstatement or omission adequately, as well as the essential element of scienter, and consequently failed to state a claim against the Unum Defendants. *Pittman*, 2020 U.S. Dist. LEXIS 97379, at *76. Because no predicate violation of Section 10(b) was established, Judge Corker also dismissed the Section 20(a) claim for control person liability against the Unum Individual Defendants. *Id*.

In the present action, Defendants established the Amended Complaint should be dismissed because it fails to plead an actionable misstatement or omission. Def. Br. 10-19. Among other bases for dismissal, Defendants demonstrated many of the alleged misstatements in the Amended Complaint (to the extent they can even be identified as such) are legally immaterial corporate puffery and/or non-actionable opinion statements. *Id*. at 16-18.

In *Pittman*, Judge Corker found certain statements to Unum investors about the status of state regulators' approvals of premium rate increases for insurance policies were not actionable. *Pittman*, 2020 U.S. Dist. LEXIS 97379, at *47-49. The Court explained that "[s]uch descriptive phrases as 'gone pretty well,' 'we've made good progress' or 'we've been effective' are the kinds of statements that go directly to the speaker's optimistic opinion about the performance of the company" and do "not significantly change the general gist of available information." *Id*. at *48. Judge Corker explained the complaint did not "allege[ ] that the speakers did not hold the beliefs they professed" and it was insufficient merely to "allege that an opinion was unreasonable,

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning set forth in Defendants' Motion to Dismiss Amended Complaint [Doc. No. 63] and Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint [Doc. No. 66] (hereinafter "Defendants' Brief" or "Def. Br.").

- 2 -

irrational, excessively optimistic, or not borne out by subsequent events." *Id*. (internal quotations omitted).

Judge Corker's sound reasoning applies with equal force to the statements in the Amended Complaint about Defendants' beliefs with respect to Astec's wood pellet business. Def. Br. 17-18. The Amended Complaint is likewise devoid of allegations undermining the speakers' subjective belief in those statements. Moreover, as Judge Corker reiterated in *Pittman*, hindsight allegations that the speaker's optimistic opinions were not borne out are insufficient. *Pittman*, 2020 U.S. Dist. LEXIS 97379, at *48. Accordingly, the Amended Complaint should be dismissed.

In addition, the *Pittman* decision addressed alleged omissions, including allegations the Unum Defendants "should have disclosed more information about [certain policies at issue] so that investors would be more informed of the risks associated with them." *Id.* at *52-53. Judge Corker held these omissions could not form the basis of a claim and that "[r]equiring additional disclosure . . . would require almost unlimited disclosure on any conceivable topic." *Id*. at *55-56. Again, the same principle applies here to the alleged omissions of minutiae (improperly) raised for the first time in Plaintiff's response to Defendants' Brief (hereinafter "Response" or "Resp.") [Doc. No. 71].

Finally, Judge Corker's denial of the Unum plaintiff's vague request for leave to amend provides further guidance. *Id*. at *76-77. Judge Corker rejected the attempt to "reserve a second bite at the apple" where, as here, the "perfunctory request . . . did not point to any additional factual allegations that would cure the complaint." *Id*. at *77-78 (internal quotations omitted). Here, the nearly identical request for leave to amend—relegated to a footnote in the Response [Resp. 25 fn. 9]—should also be denied as perfunctory, and the Court should dismiss the Amended Complaint *with prejudice*.

Judge Corker's analysis and dismissal with prejudice in *Pittman* is a new development for the Court's consideration and provides supplemental support for Defendants' Motion to Dismiss Amended Complaint. For the reasons stated in Defendants' prior briefs in support of their Motion to Dismiss Amended Complaint and consistent with Judge Corker's analysis and reasoning in *Pittman*, Defendants respectfully request that their Motion to Dismiss be granted and this action dismissed with prejudice.

Respectfully submitted, this 10th day of June, 2020.

**ALSTON & BIRD**

/s/ John A. Jordak, Jr.

John A. Jordak, Jr. *(admitted pro hac vice)*
john.jordak@alston.com
Elizabeth Gingold Clark *(admitted pro hac vice)*
elizabeth.clark@alston.com
Courtney E. Quirós *(admitted pro hac vice)*
courtney.quiros@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

Richard W. Bethea
rbethea@chamblisslaw.com
John G. Jackson
jjackson@chamblisslaw.com
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000

*Attorneys for Defendants Astec Industries, Inc., Benjamin G. Brock, David C. Silvious, and Malcolm Swanson*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020, I electronically filed the foregoing **DEFENDANTS'**

**NOTICE OF FILING SUPPLEMENTAL AUTHORITY** with the Clerk of Court using the

CM/ECF system, which will automatically send notification of such filing upon all Counsel of

Record.

**ALSTON & BIRD**

By: /s/ John A. Jordak, Jr.
John A. Jordak, Jr. (*admitted pro hac vice)*
Georgia Bar Number 404250

- 1 -