# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:19-cv-00024-PLR-CHS |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Chief Judge Pamela L. Reeves |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK, DAVID C. SILVIOUS, AND MALCOLM SWANSON, | ) ) ) ) | Mag. Judge Christopher H. Steger |
| Defendants. | ) ) | |

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(d), Lead Plaintiff Lynne Johnson ("Plaintiff") submits this response to Defendants' Notice of Filing Supplemental Authority (Dkt. No. 75) (the "Notice"). Defendants direct the court to Judge Corker's recent decision in *Pittman v. Unum Grp.*, No. 1:18-CV-000128-DCLC, 2020 WL 2846929, at *1 (E.D. Tenn. June 1, 2020), a case that is easily distinguished from the facts and legal theories in this action.

First, Judge Corker's holding that certain statements of opinion were not actionable because plaintiffs failed to adequately allege that the "supporting facts they supplied were untrue" is irrelevant to this action because Plaintiff's allegations are not based on that theory of liability. The Notice's confusion on this point is rooted in Defendants' continued misunderstanding of the Supreme Court's decision in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015) ("*Omnicare II*"). Under *Omnicare*, investors have three different ways to plead that statements of opinion are actionable: if (1) "the speaker did not hold the belief she professed;" (2) "the supporting fact she supplied were untrue;" or (3) investors "identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person." *Id.*, at 1327, 1332. In both their Motion to Dismiss (Dkt. No. 66) ("Motion") and their Notice, Defendants misapply *Omnicare II* by refusing to acknowledge the second and third ways in which a statement of opinion can be actionable. *See* Motion at 18 ("In *Omnicare II*, the Supreme Court held that opinion statements cannot support a claim unless a plaintiff pleads facts demonstrating that the defendants disbelieved the statements at the time they were made."). The Notice similarly misunderstands this distinction by arguing that "Judge Corker explained the complaint did not 'allege[ ] that the speakers did not hold the beliefs they professed'" and that "Judge Corker's sound reasoning applies with equal force to the

statements in the Amended Complaint about Defendants' beliefs with respect to Astec's wood pellet business." Notice at 2-3. In fact, Judge Corker did not need "sound reasoning" to find that the complaint did not allege subjective falsity; rather, Judge Corker was simply explaining that plaintiffs were basing their argument on the second *Omnicare II* path: "they argue the supporting facts they supplied were untrue." *Pittman*, 2020 WL 2846929, at *15.

In this action, Plaintiffs do not argue that Defendants' statements of opinion are actionable based on the theory that the supporting facts Defendants supplied were untrue. Rather, Plaintiffs plead the other two standards permitted by *Omnicare II*: that Defendants' knew their statements were false when made and that Defendants omitted material facts that rendered the statements misleading. *See* Plaintiffs' Opposition to the Motion to Dismiss (Dkt. No. 71) ("Opposition") at 20-21. Accordingly, *Pittman* is entirely irrelevant to Plaintiff's subjective falsity and omissions theories of liability in this action.[1]

Second, the holding in *Pittman* that defendant had no duty to disclose granular information about individual blocks of insurance policies is inapposite to any of the allegations in this action. In Pittman, the plaintiffs alleged that "more disclosure was required regarding the individual block's lapse rate, claim incidents and incurred claims." *Pittman*, 2020 WL 2846929, at *17. Judge Corker noted that the defendants had already disclosed "facts as to the composition of its LTC block, both the favorable facts as to the group and individual policies, such as the higher lapse rates of the group policies and the higher premiums of the individual policies and the unfavorable facts, such as individual policies were older, which meant they were closer in time to being paid out and were typically paid out at higher levels." *Id*. Crucially, Judge Corker held that the "[t]he

---

[1] The Amended Complaint (Dkt. No. 56) in this action adequately pleads that Defendants knew their challenged statements were false at the time they were made. *See, e.g.*, Amended Complaint ¶¶ 9; 55; 58; 67-72; 162-163.

key is whether what Unum disclosed was misleading. It was not. The information Unum provided was accurate as not to be misleading about the characteristics of the block." *Id*.

In contrast to the facts in Pittman, Plaintiffs here adequately allege that Defendants' material omissions rendered their statements misleading to investors. For example, Astec's disclosures about production problems at the Highland plant in July and October 2017 (Amended Complaint ¶¶ 76-79, 125-138) triggered a duty to disclose the fact that Astec was contractually obligated to refund the $152 million in revenue it recorded from the Highland contract if the plant failed to pass the Reliability Run by the longstop date. Astec failed to disclose the existence of this contractual obligation until 2018. Without this disclosure, Defendants' optimistic statements about its pellet plant business misled investors. Further, Defendant Brock's October 2, 2017 disclosure that the Highland plant had "ramped up production" and had managed to meet the guaranteed 20-tonnes-per-hour on one of the four production lines was misleading because Brock failed to disclose that this output was only reached by running the burner on natural gas—a method the Astec could not use to meet its production guarantee due to the strict emissions limits on Astec's European customer. *See* Opp. at 15-16. Contrary to the Notice, these material omissions were not "minutiae."[2]

Third, neither the Notice nor *Pittman* address the types of affirmative misstatements that the Amended Complaint pleads with particularity. For example, Brock assured investors on July 26, 2016 that attaining financing for the Hazlehurst Plant was "a matter of timing more than anything" and that they "could get financing on that plant without [a third wood burning furnace]."

---

[2] Though the Notice fails to identify any pleadings or arguments raised in the parties' briefs that are purportedly affected by this portion of *Pittman*, the Notice bizarrely refers to "alleged omissions of minutiae (improperly) raised for the first time in Plaintiff's response to Defendants' Brief." Notice at 3. The omissions discussed in the Opposition were pleaded with particularity in the Amended Complaint. *See, e.g.,* Amended Complaint ¶¶ 10, 55, 67-68, 75, 76-80, 125-138.

Amended Complaint ¶ 102. More egregiously, Brock assured investors that "testing and proving that the lines will do what we said on tons per hour is fine" and "I want to make sure everybody understands, we're not in a jam or at risk or anything, because there is no risk. We have met that, and we are in good shape." Amended Complaint ¶¶ 49, 102. These statements were false and misleading at the time they were made because Defendants knew the Hazlehurst Plant needed to be run with wood-firing furnaces in order to obtain financing and satisfy pellet customers' European Union emissions requirements. Amended Complaint ¶¶ 9, 43-45. Further, Defendants knew that Hazlehurt's inability to obtain financing was a direct risk to the $60 million in financing that Astec promised investors it would recoup. Amended Complaint ¶ 42, 104. Accordingly, Astec's inability to get the Hazlehurst Plant to effectively produce pellets using wood burning furnaces very much put the Company "in a jam" and "at risk." *See* Opposition at 6. Defendants never address these well-pleaded allegations in their Motion, Reply, or Notice, much less provide a reason they are not actionable.

Finally, Judge Corker's dismissal of the *Pittman* complaint with prejudice has no particular bearing on this action. In the event that the Court grants Defendants' Motion to Dismiss and finds Plaintiffs' request for leave to amend insufficient, the Court should allow Plaintiffs to file a motion to amend. *See In re Envision Healthcare Corp. Sec. Litig.*, 2019 WL 6168254, at *31 (M.D. Tenn. Nov. 19, 2019) (denying request to amend contained in opposition brief and permitting plaintiffs to file a motion if they wish to amend); *see also In re Biozoom, Inc. Sec. Litig.*, 2015 WL 1954553, at *1 & n.21 (N.D. Ohio Apr. 29, 2015) (granting leave to amend where "the cases Defendants cite rely on a provision in the PSLRA that requires dismissal where a private securities suit fails to meet the heightened standard for pleading scienter. *15 U.S.C. § 78u–4(b) (3)(A)*. Here, by contrast, the defect identified in the Court's order on the Defendants' motions to dismiss is

unrelated to scienter."). Further, Defendants repeatedly argue that Plaintiff "improperly" raised factual allegations in the Opposition. While Plaintiff believes this contention is meritless, it undermines Defendants' current argument that there are no additional factual allegations that would cure the complaint.

Dated: June 17, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Daniel Tyre-Karp_____
Daniel Tyre-Karp (admitted pro hac vice)
Phillip Kim, Esq. (admitted pro hac vice)
Laurence M. Rosen, Esq.
275 Madison Avenue, 40h Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com
        dtyrekarp@rosenlegal.com

*Counsel for Plaintiff and the Class*

        and-

**BRAMLETT LAW OFFICES**
Paul Kent Bramlett #7387
Robert Preston Bramlett #25895
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
Email: pknashlaw@aol.com

*Liaison Counsel for Plaintiff and the Class*

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 17, 2020, I electronically filed the foregoing **LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF FILING SUPPLEMENTAL AUTHORITY** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon all Counsel of Record.

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Daniel Tyre-Karp_____
Daniel Tyre-Karp (admitted pro hac vice)

6