# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:19-cv-00024-CEA-CHS |
| | ) | |
| Plaintiff, | ) | CLASS ACTION |
| | ) | |
| vs. | ) | |
| | ) | Judge Charles E. Atchley, Jr. |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) | Mag. Judge Christopher H. Steger |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE THE
PROPOSED AMENDED COMPLAINT**

i

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ......................................................................................... 3

III. ARGUMENT ................................................................................................................. 5

   A.   Standard of Review .................................................................................................. 5

   B.   The Court's Dismissal of the Complaint With Prejudice Was Clear Error That Resulted in Manifest Injustice ............................................................................................................... 6

   C.   The Court Should Grant Plaintiff Leave to File the Proposed Amended Complaint ......... 8

IV.  CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Belizan v. Hershon*,
434 F.3d 579 (D.C. Cir. 2006) ................................................................................................. 8

*Burkeen v. A.R.E. Accessories, LLC*,
758 F. App'x 412 (6th Cir. 2018) ............................................................................................ 7

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ................................................................................................. 8

*Fisher v. Roberts*,
125 F.3d 974 (6th Cir. 1997) ................................................................................................... 1

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................................................. 6, 7

*GenCorp, Inc. v. Am. Int'l Underwriters*,
178 F.3d 804 (6th Cir. 1999) ................................................................................................... 5

*In re Genzyme Corp. Sec. Litig.*,
754 F.3d 31 (1st Cir. 2014) ...................................................................................................... 8

*Lonardo v. Travelers Indem. Co.*,
706 F. Supp. 2d 766 (N.D. Ohio 2010) ................................................................................ 5, 6

*Louisiana Mun. Police Emps. Ret. Sys. v. KPMG, LLP*,
No. 1:10CV01461, 2012 WL 3903335 (N.D. Ohio Aug. 31, 2012) ........................................ 9

*Moore v. City of Paducah*,
790 F.2d 557 (6th Cir. 1986) ................................................................................................... 7

*Morse v. McWhorter*,
290 F.3d 795 (6th Cir. 2002) ............................................................................................... 4, 6

*Newberry v. Silverman*,
789 F.3d 636 (6th Cir. 2015) ................................................................................................... 7

*Pegram v. Herdrich*,
530 U.S. 211, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000) ...................................................... 9

*Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*,
  895 F.3d 933 (7th Cir. 2018) ........................................................................................ 8

*Sohol v. Yan*,
  No. 1:15-CV-00393, 2016 WL 1704290 (N.D. Ohio Apr. 27, 2016) ....................................... 5

*Stewart v. IHT Ins. Agency Grp., LLC*,
  No. 20-3754, 2021 WL 834001 (6th Cir. Mar. 5, 2021)........................................................ 6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007).................................................................................................. 1, 3

## **Rules**

Fed. R. Civ. P. 15 ........................................................................................... 1, 2, 5, 6

Pursuant to Rules 59(e) and 15(a) of the Federal Rules of Civil Procedure (the "Rules"), Lead Plaintiff Lynn Johnson ("Plaintiff") hereby moves this Court to alter or amend its February 19, 2021 Judgment [Dkt. No. 80] dismissing with prejudice Plaintiff's Amended Complaint ("Complaint")[1] [Dkt. No. 56], and grant Plaintiff leave to file the [Proposed] Second Amended Complaint ("Proposed Amended Complaint"), attached as Ex. 1 to the accompanying Declaration of Daniel Tyre-Karp in Support of Lead Plaintiff's Motion To Alter Or Amend The Judgment And For Leave To File The Proposed Amended Complaint ("Tyre-Karp Declaration").

## I.  **<u>INTRODUCTION</u>**

The Sixth Circuit recognizes that "it is necessary to permit the liberal amendment of complaints in order to adhere to 'the principle that cases should be tried on their merits rather than on the technicalities of pleading.'" *Fisher v. Roberts*, 125 F.3d 974, 977–78 (6th Cir. 1997). Similarly, "preserving investors' ability to recover on meritorious claims" is one of the twin goals of the Private Securities Litigation Reform Act ("PSLRA"). *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Denying Plaintiff an opportunity to have this action heard on the merits would result in manifest injustice that runs contrary to both the Federal Rules and the PSLRA.

This securities action alleged that Astec Industries, Inc. ("Astec" or the "Company") and its executives (collectively, "Defendants") misled investors concerning its sales of two wood pellet plants and its prospects for future pellet plant sales. The Complaint alleged that Defendants misled investors into believing that the pellet plants were operating successfully and that their success would lead to hundreds of millions of dollars in future revenue as more pellet plant order rolled in.

---

[1] All "¶" references are to the Complaint, and unless otherwise noted, all emphasis is added and all internal citations are omitted.

1

In fact, the Complaint alleged, both plants were operational failures that were never able to meet the production levels Astec had promised the buyers. Moreover, unbeknownst to investors, Astec had granted one of the buyers the right to a full refund if the plant failed to meet stringent quality and quantity production guarantees that confidential witnesses say the plant never came close to meeting. Astec financed the sale of the other plant, and Astec's CEO assured investors that "there is no risk" that Astec would not be repaid. In 2018, Astec shocked investors by paying $75 million to settle its production guarantee obligations at one plant, writing off the entire $60 million in financing the Company had issued for the other plant, and permanently exiting the pellet plant business.

On February 19, 2021, this Court granted Defendants' motion to dismiss the Complaint and dismissed the action with prejudice. Plaintiff's opposition brief requested leave to amend the Complaint, in the event that the Court found any of the allegations in the Complaint insufficient to support a claim, to cure any defect identified by the Court. Further, in a response to Defendants' notice of supplemental authority, Plaintiff requested the opportunity to file a formal motion to amend if the Court granted Defendants' motion to dismiss. The Court denied Plaintiff's request on the basis that dismissal with prejudice is the proper disposition when a plaintiff has not made a formal Rule 15 motion to amend prior to dismissal.

Plaintiff now respectfully requests that the Court amend the judgment to permit Plaintiff to file the Proposed Amended Complaint. The Proposed Amended Complaint addresses the Court's primary concern with the original Complaint by providing easy-to-digest and particularized explanations of why each challenged statement is misleading. The Proposed Amended Complaint categorizes the alleged misstatements to provide the roadmap the Court found lacking in the Complaint. Further, the Proposed Amended Complaint more coherently pleads a strong inference

2

of scienter with particularity against each Defendant under the *Helwig* factors. Finally, the Proposed Amended Complaint adds newly discovered allegations from a former employee of one of the pellet plants that bolster's Plaintiff's scienter allegations.

## II.     FACTUAL BACKGROUND

On August 26, 2019, Plaintiff filed the Complaint against Astec and three Astec officers: Benjamin G. Brock, David C. Silvious, and Malcolm Swanson. The Complaint alleged that Defendants violated Sections 10(b) and 20(a) of the Exchange Act by misleading investors about Astec's sales of the Hazlehurst and Highland plants and the Company's prospects for securing future pellet plant orders. In particular, the Complaint alleged that (i) Brock falsely assured investors that "there is no risk" that Astec would not be repaid the $60 million in financing the Company provided for the Hazlehurst plant (¶¶49, 102); (ii) Defendants misled investors about the Hazlehurst plant's ability to produce pellets using wood burners—as opposed to natural gas burners—which the plant needed to make itself marketable and repay the loan to Astec (¶¶52, 55-56, 130-132); (iii) Defendants failed to disclose that Astec's $152.5 million sale of the Highland Plant was contingent upon the plant meeting stringent production goals by April 15, 2018, and that Highland had the right to a full refund of the purchase price if those goals were not met (¶¶10, 67-68, 79-80, 87-88); (iv) Defendants misled investors about Highland's ability to meet the production goals, including omitting the fact that the plant failed all three Reliability Runs in 2017 and never even attempted a Reliability Run in 2018 (*id*).; and (v) Defendants misrepresented Astec's prospects for securing additional pellet plant sales (¶¶ 8, 12,100-104). The Complaint alleged scienter primarily based on confidential witnesses, Defendants' knowledge of the true facts of the sales contracts and plant operations that were misrepresented to investors, and Brock's highly suspicious insider stock sales.

3

On October 25, 2019, Defendants moved to dismiss the Complaint. Defendants' motion argued that the alleged misstatements were not pleaded with particularity, certain of the alleged misstatements were non-actionable forward-looking statements, certain of the alleged misstatements were non-actionable puffery, and certain of the alleged misstatements were non-actionable opinions. Regarding scienter, Defendants argued that the more compelling inference was that Defendants' confidence in the success of the pellet plant business was reasonable and that Astec simply failed to overcome unforeseen challenges. Defendants also purported to be confused by the format of the complaint and claimed to be unable to decipher which statements were alleged to be misleading or why they were alleged to be misleading.

On January 7, 2020, Plaintiff filed a brief in opposition to Defendants' motion to dismiss (Dkt. No. 71). The opposition brief attempted to clarify the issues by which Defendants purported to be confused by clarifying which statements the Complaint alleged to be misleading and explaining how the misstatements misled investors. The opposition brief also stated that "should the Court conclude that any of the allegations in the Complaint are not sufficient to support a claim, plaintiffs request leave to amend the Complaint to cure any defect identified by the Court." (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).

Defendants filed a reply brief in support of their motion to dismiss on February 14, 2020. Defendants also filed a notice of supplemental authority on June 10, 2020 (Dkt. No. 75), to which Plaintiff responded on June 17 (Dkt. No. 76).

On February 19, 2021, the Court granted the motion to dismiss and dismissed the action with prejudice (Dkt. Nos. 79-80). The Memorandum Opinion and Order (the "Opinion") held that the Complaint failed to satisfy the pleading requirements of Rule 9(b) and the PSLRA because "(1) it fails to adequately explain why the excerpted statements are misleading; and (2) it fails to

4

allege facts which demonstrate a strong inference of scienter." Opinion at 10. Importantly, the Opinion held that the Complaint failed to plead falsity based on the form of the allegations rather than the merit of the allegations. The Court held that the Complaint provided "a hodge podge of both statements and reasons and asks the Court to guess which reasons apply in which situations." Id. at 13. While the Court found that the insider trading allegations against Brock support an inference of scienter, the Opinion held that the other Helwig factors weighed more strongly toward non-fraudulent inferences. Opinion at 13-21.

The Opinion also denied Plaintiff's requests for leave to amend because "Plaintiffs do not cite any grounds for their amendment, and they have not submitted a motion to amend that preceded the motion to dismiss." Opinion at 21-22.

## III. ARGUMENT

### A. Standard of Review

"Under Rule 59(e), a court may alter or amend its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice." *Sohol v. Yan*, No. 1:15-CV-00393, 2016 WL 1704290, at *5 (N.D. Ohio Apr. 27, 2016) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "In order to show "clear error," a party must not only "establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment." *Id.* (citation omitted).

The Sixth Circuit "has not precisely defined 'clear error' in the context of the Rule 59(e) analysis," but "a high standard applies" such that the errors must be "so egregious that an appellate court could not affirm the judgment." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). The prevention of manifest injustice serves as a "catch-all provision," requiring

the court to "weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings." *Id.*

## B. The Court's Dismissal of the Complaint With Prejudice Was Clear Error That Resulted in Manifest Injustice

The Court's dismissal with prejudice without justification was clear error, and denying Plaintiff an opportunity to have this action heard on the merits would result in manifest injustice.

The Opinion denied Plaintiff an opportunity to amend for reasons that have nothing to do with undue delay, bad faith, a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. Rather, the Opinion dismissed the Complaint with prejudice because (i) dismissal with prejudice is "proper" when a plaintiff did not file a formal Rule 15 motion to amend before a dismissal is issued, and (ii) the Court believes that the PSLRA restricts the scope of Rule 15(a)'s liberal amendment policy.

The fact that a plaintiff requested leave to amend informally rather than in a formal Rule 15 motion does not necessitate that a dismissal be with prejudice. The Court has considerable discretion in deciding whether or not to allow an amendment, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Sixth Circuit has noted that "[i]n denying leave to amend, abuse of discretion may occur when a district court does not state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Morse*, 290 F.3d at 799.

Rather, in the Sixth Circuit, "[d]ismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment." *Stewart v. IHT Ins. Agency Grp., LLC*, No. 20-3754, 2021 WL 834001, at *1 (6th

6

Cir. Mar. 5, 2021) (citation omitted). The Opinion's dismissal with prejudice without considering the futility of any potential amended pleading is clear error. The Sixth Circuit's holding in *Burkeen v. A.R.E. Accessories, LLC*, vacating and remanding the district court's dismissal with prejudice, is particularly instructive:

> The district court in this case did not provide any explanation for dismissing the complaint with prejudice, as opposed to without prejudice. Instead, the district court foreclosed any future possibility of amendment without indicating any reason to believe that amendment would have been futile and without providing any other justifications for granting dismissal with prejudice. When the district court granted the motion to dismiss, it did not cite any "undue delay, bad faith ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Because there was no indication that amendment would have been futile and no other apparent justification was provided for the dismissal with prejudice, the district court arguably "should ... have dismissed the claim[s] ... without prejudice and with leave to amend." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

758 F. App'x 412, 416 (6th Cir. 2018). The same reasoning applies here: failing to consider any of the factors outlined in *Foman* is reversible error, which is sufficient for a Rule 59(e) motion.

The error is particularly clear here, where the dismissal was based on the Complaint's lack of clarity rather than the merits of the claim.[2] The Federal Rules serve "'to facilitate a proper decision on the merits'" rather than a "game of skill in which one misstep by counsel may be decisive to the outcome.'" *Foman*, 371 U.S. at 181-82; *accord, Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather the technicalities of pleadings.'"). "This admonition carries special weight in securities fraud cases because '[i]n this technical and demanding corner of the

---

[2] The Opinion's findings on scienter—particularly the disregard of the most current factual information, the closeness in time between a statement and a later disclosure of inconsistent information, and the external statements contradicted by internal reports—were all rooted in the Court's inability to decipher the Complaint's falsity allegations.

7

law, the drafting of a cognizable complaint can be a matter of trial and error.'" *Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

The Court's implicit holding that the PSLRA necessarily precludes dismissal without prejudice was clear error. The PSLRA does not mention Rule 15, much less render it moot. "[T]he PSLRA is a tool designed to curb vexatious litigation, not a mechanism for denying bona fide claimants their day in court." *In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31, 47 (1st Cir. 2014) ("we emphatically reiterate that the PSLRA does not require that orders of dismissal be with prejudice"); *see also Belizan v. Hershon*, 434 F.3d 579, 583–84 (D.C. Cir. 2006) ("[H]ad the Congress wished to make dismissal with prejudice the norm, and to that extent supercede the ordinary application of Rule 15(a), we would expect the text of the PSLRA so to provide."). The twin purposes of the PSLRA are not served when potentially meritorious claims are treated the same way as futile or bad faith claims.

Plaintiff respectfully requests that the Court correct its clear error in dismissing this case with prejudice without regard for the underlying merits of the claim and that failing to do so would result in manifest injustice.

**C.      The Court Should Grant Plaintiff Leave to File the Proposed Amended Complaint**

Plaintiff respectfully requests that the Court grant Plaintiff leave to file the Proposed Amended Complaint because Plaintiff meets all of the criteria outline by the Supreme Court in *Foman*.

First, the Proposed Amended Complaint would not be futile. The Proposed Amended Complaint addresses all of the purported deficiencies identified in the Opinion. The Proposed Amended Complaint:

- Clearly identifies the statements alleged to be misleading and painstakingly describes with specificity why each alleged misstatement is misleading.[3]

- Organizes Plaintiff's allegations in a more coherent structure that allows Defendants and the Court to assess the merits of each allegation.

- Bolsters the allegations of scienter with statements from a newly identified confidential witness and more explicit reference to the Helwig factors.

- Clarifies the alleged misstatements about the Highland plant by pleading Defendants' accounting violations with particularity.

Accordingly, the Proposed Amended Complaint would not be futile.

Second, Plaintiff meets each of the other _Foman_ factors: Plaintiff has not previously requested leave to amend, defendants would suffer no undue prejudice by facing a non-futile amended pleading, and Plaintiff has not engaged in undue delay or bad faith. Plaintiff could not predict that the Court would dismiss the Complaint under the rarely-recognized "puzzle pleading" defense. Rule 9(b) and the PSLRA require that pleadings must identify the misstatements and explain why they are false or misleading, but these pleading standards do not dictate a specific form—and each court often has its own preferred structure. Further, Plaintiff believed that any confusion caused by the structure of the Complaint was clarified in the briefing. *See Pegram v. Herdrich*, 530 U.S. 211, 230, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000) (a court may use a litigant's "brief to clarify allegations in her complaint whose meaning is unclear").

---

[3] The Proposed Amended Complaint also explicitly alleges that a corporate officer who signs a quarterly or annual financial statement is deemed to be a maker of the statements therein. *See, e.g., Louisiana Mun. Police Emps. Ret. Sys. v. KPMG, LLP*, No. 1:10CV01461, 2012 WL 3903335, at *6 (N.D. Ohio Aug. 31, 2012) ("Because Plaintiffs sufficiently allege Geswein and Krakora signed the allegedly false SEC filings and financial statements, Plaintiffs' Rule 10b–5(b) claim against Geswein and Krakora is still a viable claim, even after *Janus*").

9

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's joint Rule 59(e) and Rule 15(a) motion and deem the Proposed Amended Complaint as filed.

Case 1:19-cv-00024-CEA-CHS    Document 82    Filed 03/19/21    Page 14 of 16
PageID #: 1383

Dated: March 19, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

**By:   /s/ Daniel Tyre-Karp**

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Daniel Tyre-Karp
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com
        dtyrekarp@rosenlegal.com

-and-

**BRAMLETT LAW OFFICES**
PAUL KENT BRAMLETT #7387
ROBERT PRESTON BRAMLETT #25895
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
Email: PKNASHLAW@AOL.COM

*Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2021, I electronically filed the foregoing **LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon all Counsel of Record.

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Daniel Tyre-Karp
Daniel Tyre-Karp (admitted pro hac vice)