# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:19-cv-00024-CEA-CHS |
| | ) | |
| Plaintiff, | ) | CLASS ACTION |
| | ) | |
| vs. | ) | |
| | ) | Judge Charles E. Atchley, Jr. |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) | Mag. Judge Christopher H. Steger |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO
## LEAD PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND
## FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     STANDARD OF REVIEW .................................................................................... 3

III.    ARGUMENT AND CITATION TO AUTHORITY ............................................ 4

      A.      Dismissal of the AC Without Leave to Amend Was Not Clear Error of
           Law. ...................................................................................................................... 4

           (1)     The Order set forth the legal bases for dismissing the AC with
                  prejudice. ............................................................................................ 4

           (2)     The Order addressed the merits of the claims set forth in the AC. ............. 6

           (3)     The Order correctly held the PSLRA limits a plaintiff's ability to
                  amend the complaint. ........................................................................ 7

           (4)     The Motion for Reconsideration provides no explanation for
                  Plaintiff's failure to seek leave to amend timely. ....................................... 9

      B.      Amendment is Futile Where the Proposed Second Amended Complaint
           Still Falls Short of the PSLRA Requirements. ........................................................ 10

           (1)     The new paper-thin CW allegations do not save the proposed
                  Second Amended Complaint. .................................................................. 10

           (2)     The proposed Second Amended Complaint adds nothing bolstering
                  the scienter allegations as to Messrs. Swanson or Silvious. ..................... 12

           (3)     The superficial reorganization of allegations in the proposed
                  Second Amended Complaint is not enough to stave off dismissal
                  and makes amendment futile. .................................................................. 13

IV.     CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Civ. Liberties Union of Ky. v. McCreary Cnty.*,
607 F.3d 439 (6th Cir. 2010) ...............................................................................................3

*Begala v. PNC Bank, Ohio, Nat'l Ass'n*,
214 F.3d 776 (6th Cir. 2000) ...............................................................................................5

*Belizan v. Hershon*,
434 F.3d 579 (D.C. Cir. 2006) .............................................................................................8

*Bunn v. Navistar, Inc.*,
797 F. App'x 247 (6th Cir. 2020) ...............................................................................2, 3, 5, 9

*Burkeen v. A.R.E. Accessories, LLC*,
758 F. App'x 412 (6th Cir. 2018) .........................................................................................5

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008) ...........................................................................................................11

*Fidel v. Farley*,
392 F.3d 220 (6th Cir. 2004) ............................................................................................4, 8

*Fisher v. Roberts*,
125 F.3d 974 (6th Cir. 1997) ...............................................................................................8

*Foman v. Davis*,
371 U.S. 178 (1962).............................................................................................................4

*Frazier v. United States*,
No. 1:14-CV-134, 2020 U.S. Dist. LEXIS 82881 (E.D. Tenn. May 12, 2020)......................11

*Gencorp, Inc. v. Am. Int'l Underwriters*,
178 F.3d 804 (6th Cir. 1999) .............................................................................................11

*Gritton v. Disponett*,
332 F. App'x 232 (6th Cir. 2009) .........................................................................................3

*HDC, LLC v. City of Ann Arbor*,
675 F.3d 608 (6th Cir. 2012) .............................................................................................11

*Hensley v. Conner*,
No. 3:18-CV-173 REEVES/GUYTON, 2019 U.S. Dist. LEXIS 80778 (E.D. Tenn.
May 14, 2019)......................................................................................................................3

Case 1:19-cv-00024-CEA-CHS   Document 83   Filed 04/02/21   Page 3 of 20   PageID
#: 1463

*In re Ferro Corp. Derivative Litig.*,
511 F.3d 611 (6th Cir. 2008) ........................................................................................9

*In re Ford Motor Co. Sec. Litig.*,
381 F.3d 563 (6th Cir. 2004) ....................................................................................9, 13

*In re Genzyme Corp. Sec. Litig.*,
754 F.3d 31 (1st Cir. 2014)............................................................................................7

*In re Omnicare, Inc. Sec. Litig.*,
769 F.3d 455 (6th Cir. 2014) .......................................................................................12

*La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*,
622 F.3d 471 (6th Cir. 2010) ...................................................................................4, 5, 7

*Leisure Caviar, LLC v. U. S. Fish & Wildlife Serv.*,
616 F.3d 612 (6th Cir. 2010) .................................................................................3, 6, 8, 9

*Mellentine v. Ameriquest Mortg. Co.*,
515 F. App'x 419 (6th Cir. 2013) ...................................................................................4

*Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*,
860 F.3d 425 (6th Cir. 2017) .......................................................................................6, 9

*PR Diamonds, Inc. v. Chandler*,
364 F.3d 671 (6th Cir. 2004) .........................................................................................4

*Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*,
648 F.3d 295 (6th Cir. 2011) .........................................................................................5

*Reese v. Ohio Dep't of Rehab. & Corr.*,
No. 17-3380, 2018 U.S. App. LEXIS 16926 (6th Cir. June 21, 2018)....................................9

*Roger Miller Music, Inc. v. Sony/ATV Publ'g. LLC*,
477 F.3d 383 (6th Cir. 2007) .........................................................................................3

*Stewart v. IHT Ins. Agency Grp., LLC*,
No. 20-3754, 2021 WL 834001 (6th Cir. Mar. 5, 2021)..........................................................6

**RULES**

Fed. R. Civ. P. 15.................................................................................................. passim

Fed. R. Civ. P. 59.................................................................................................. passim

Fed. R. Civ. P. 60.........................................................................................................3

**STATUTES**

15 U.S.C. § 78u-4 ...........................................................................................................................6, 7

Case 1:19-cv-00024-CEA-CHS    Document 83    Filed 04/02/21    Page 5 of 20    PageID #: 1465

Defendants Astec Industries, Inc. ("Astec" or the "Company"), Benjamin G. Brock, David C. Silvious, and Malcolm Swanson (collectively, the "Individual Defendants" and with Astec, "Defendants") oppose Lead Plaintiff Lynn Johnson's ("Plaintiff") Motion to Alter or Amend The Judgment and For Leave to File the Proposed Amended Complaint ("Motion for Reconsideration"). Docs. 81 and 82.

## I.   INTRODUCTION

In a well-reasoned 22-page Memorandum Opinion and Order carefully analyzing Plaintiff's Amended Complaint ("AC", Doc. 56),[1] the Court properly held the AC "fail[ed] to meet the stringent standards set forth in the PSLRA as applied to Section 10(b)" and Plaintiff's claims should be dismissed with prejudice. Order, at 2, 9. The Court did exactly what Congress and the PSLRA instructed. The Court concluded that the AC failed to plead ***two of the essential elements of a securities claim*** adequately where the AC did not "explain why the excerpted statements are misleading" and failed to "allege facts which demonstrate a strong inference of scienter."[2] The Court also properly held that dismissal with prejudice was warranted where Plaintiff did not "cite any grounds for their amendment" or "submit[] a motion to amend that preceded the motion to dismiss."[3]

Notwithstanding the Court's rigorous examination of the allegations in the AC against the exacting standards mandated by the PSLRA, Plaintiff now seeks the generally disfavored remedy

---

[1] Unless otherwise noted, all capitalized terms have the same meaning as in the AC. References to "AC ¶ __" are to paragraphs of the AC. References to "Order, at __" are to pages of the February 19, 2021 Memorandum Opinion and Order granting Defendants' Motion to Dismiss Amended Complaint. Doc. 79. References to "MFR, at __" are to pages of the Lead Plaintiff's Memorandum in Support of Motion for Reconsideration, and references to "MFR Ex. B, at ¶ __" are to the accompanying proposed Second Amended Complaint. Doc. 82-2. References to "PSLRA" are to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, *et seq*.

[2] *Id.*, at 10-21.

[3] *Id.*, at 20-21.

of reconsideration under Rule 59 in order to file yet another complaint under Rule 15.  Tellingly, Plaintiff comes to the Court with empty hands.  The Motion for Reconsideration does not point to an intervening change in controlling law or new evidence that might compel a second look.

Instead, disappointed he never showed any previous justification for amending his complaint yet again, Plaintiff seeks a "do over" and argues the Court's purported "dismissal with prejudice *without justification was clear error* . . . result[ing] in manifest injustice."  MFR, at 6 (emphasis added).  Of course, the Order explicitly justified its dismissal of the AC with prejudice, citing to controlling Sixth Circuit precedent.  *See* Order, at 21-22.  Plaintiff ignores this analysis, however, and incorrectly argues the Court "denied Plaintiff an opportunity to amend for reasons that have nothing to do with undue delay, bad faith, a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment." MFR, at 6.

Plaintiff's mischaracterization of the Court's thoughtful consideration and his disagreement with the Court's conclusions do not justify the extraordinary remedy he now seeks. Plaintiff idled for nearly eighteen (18) months between the filing of his AC and issuance of the Order without seeking pre-judgment leave to amend the AC.[4]  Instead, Plaintiff made the strategic decision to stand on the allegations in the AC.  Plaintiff should not now be permitted to "use the court as a sounding board to discover holes in [his] arguments, then reopen the case by amending [his] complaint to take account of the court's decision."  *Bunn v. Navistar, Inc.,* 797 F. App'x 247, 256 (6th Cir. 2020) (internal quotations and citations omitted); Order, at 22.  Accordingly, the Motion for Reconsideration should be denied in its entirety.

---

[4] Indeed, twelve (12) months passed after Defendants' Motion to Dismiss was filed exposing the deficiencies in the AC before the Order was issued, during which Plaintiff could have sought to amend but chose not to do so.

## II.    STANDARD OF REVIEW

By dismissing the AC with prejudice and entering judgment for the Defendants, the Court was well within its "broad discretion to manage its docket." *Am. Civ. Liberties Union of Ky. v. McCreary Cnty*., 607 F.3d 439, 451 (6th Cir. 2010).  In the Sixth Circuit, "a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Bunn*, 797 F. App'x at 256.  Importantly, a Rule 59 motion runs "contrary to notions of finality and repose and therefore is generally discouraged and affords relief only under extraordinary circumstances." *Hensley v. Conner*, No. 3:18-CV-173 REEVES/GUYTON, 2019 U.S. Dist. LEXIS 80778, at *3-4 (E.D. Tenn. May 14, 2019).  In deciding whether to grant the Motion for Reconsideration, a "district court, generally speaking, has considerable discretion[.]" *Leisure Caviar, LLC v. U. S. Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010).

The Sixth Circuit has made clear that a motion under Rule 59(e) is not a vehicle for presenting "new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g. LLC*, 477 F.3d 383, 395 (6th Cir. 2007).  Instead, "[t]he purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009).  The Sixth Circuit explained:

> [W]hen a Rule 15 motion comes after a judgment against the plaintiff . . . [c]ourts . . . must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. [A] permissive amendment policy . . . would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60 [and] make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar*, 616 F.3d at 615-16 (internal quotations and citations omitted).

3

Plaintiff fails to show clear error of law[5] under Rule 59 as described below and the Motion for Reconsideration should be denied.

## III.  ARGUMENT AND CITATION TO AUTHORITY

### A.  Dismissal of the AC Without Leave to Amend Was Not Clear Error of Law.

#### (1)  *The Order set forth the legal bases for dismissing the AC with prejudice.*

The Motion for Reconsideration asserts clear error of law because the Court ignored the *Foman*[6] factors and failed to provide an explanation for dismissing the complaint with prejudice. MFR, at 6-9.  However, the Court clearly explained why dismissal with prejudice was warranted as a matter of law.[7]  The Order identified Sixth Circuit precedent supporting its conclusion that there was undue delay in seeking leave to amend because Plaintiff "ha[d] not submitted a motion to amend that preceded the motion to dismiss."  Order, at 21-22 (citing *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486  (6th Cir. 2010) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004))).[8]  Citing controlling Sixth Circuit law, the Order also explained

---

[5] Plaintiff does not present arguments under Rule 59 about newly discovered evidence or an intervening change in controlling law.  Moreover, Plaintiff collapses the argument about manifest injustice into his unsuccessful attempt to show clear error of law.

[6] These factors include undue delay, bad faith, dilatory motive, undue prejudice, and the futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178 (1962).

[7] Even if it is assumed, *arguendo*, the Court had not justified its holding based on binding Sixth Circuit precedent (which it did), Plaintiff still would not be entitled to the extraordinary relief he now seeks.  *See Mellentine v. Ameriquest Mortg. Co*., 515 F. App'x 419, 425 (6th Cir. 2013) ("When the reasons for denying a motion to amend are readily apparent, . . . it is not a per se abuse of discretion for the district court to omit its reasons.  A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once and then subsequently fails to file a proper motion justifying another amendment.") (internal citations omitted).

[8] The Motion for Reconsideration takes inconsistent positions regarding whether Plaintiff sought leave to amend prior to the Order.  On the one hand, Plaintiff admits that he "has not previously requested leave to amend."  MFR, at 9.  Nevertheless, Plaintiff also states that the Order "denied Plaintiff's requests for leave to amend" (*id.* at 5), presumably referencing the throwaway footnote in his Motion to Dismiss opposition papers.  Doc. 71, at 25 n.9.  To be clear, Plaintiff never filed a Rule 15 motion seeking leave to amend.  *Fidel v. Farley*, 392 F.3d 220, 236 (6th Cir. 2004)

4

that merely leaving a footnote in a response to a Motion to Dismiss that did not "cite any grounds for [the proposed] amendment," did not constitute a proper motion for leave to amend. Order, at 21. Moreover, the Order relied on Sixth Circuit law explaining that Plaintiff's attempt to approach leave to amend as "an insurance policy" was improper, whereby Plaintiff would have the benefit of "an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.*, at 21-22 (citing *La. Sch. Emps. Ret. Sys.,* 622 F.3d at 486; *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)).[9]

It is clear the Court's analysis followed controlling Sixth Circuit precedent and the Court did not commit any clear error of law. "[A] bare request in an opposition to a motion to dismiss— without any indication of the particular grounds on which amendment is sought does not constitute a motion within the contemplation of Rule 15(a)." *Bunn*, 797 F. App'x at 257 (internal quotations omitted) (affirming dismissal with prejudice where, as here, plaintiff neither "present[ed] an adequate motion" nor "attach[ed] a copy of their amended complaint"); *see also Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011) (holding district court did not abuse its discretion in denying leave to amend where plaintiff "buried its request in a footnote in its brief opposing the motion to dismiss"). The Order echoes the Sixth Circuit's own express warning that plaintiffs should not be permitted to "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the

---

("request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend") (internal quotations and citations omitted).

[9] Plaintiff's citation to *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412 (6th Cir. 2018) is inapposite because here the Order addressed its bases for dismissal with prejudice, in contrast to the district court in *Burkeen*, which "did not provide any explanation for dismissing the complaint with prejudice." *Id.* at 416.

5

court's decision." *Lesiure Caviar*, 616 F.3d at 616 (internal quotations omitted); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

Here, Plaintiff failed to seek leave to amend its AC in the **nearly eighteen (18) months** between when the AC was filed and when the Order was entered by this Court. Indeed, "Plaintiff[] could have even sought leave after [defendant] filed its motion to dismiss and laid out its position." *Id.* at 432. He did not. As the Sixth Circuit has made clear, Plaintiff's attempt to treat the Order as an advisory opinion is not proper. The Court did not commit any error of law in dismissing the AC with prejudice.[10]

### (2) *The Order addressed the merits of the claims set forth in the AC.*

The Motion for Reconsideration suggests clear error of law in denying leave to amend "where the dismissal was based on the [AC]'s lack of clarity rather than the merits of the claim." MFR, at 7.[11] Again, Plaintiff mischaracterizes the Order. The Court undertook a careful analysis—as required by the PSLRA—to determine whether the AC "specif[ied] each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading," and "state[d] with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Order, at 8 (citing 15 U.S.C. § 78u-4(b)(1)(A)–(B)). The Order includes a detailed analysis of the AC's failure to allege falsity adequately,[12] as well as a rigorous

---

[10] The Motion for Reconsideration's own authority contradicts Plaintiff's arguments. *See* MFR, at 6-7 (citing *Stewart v. IHT Ins. Agency Grp., LLC*, No. 20-3754, 2021 WL 834001, at *1 (6th Cir. Mar. 5, 2021)). In *Stewart*, the Sixth Circuit affirmed the district court's decision denying relief sought only in motion reply papers. *Id.* at 4. Plaintiff's informal request for amendment here, found only in its Motion to Dismiss opposition papers, warrants the same result.

[11] The hollowness of this statement is evidenced by the Motion for Reconsideration's conflicting position that its proposed Second Amended Complaint "addresses all of the purported deficiencies identified in the [Order]." MFR, at 8. If the Order did not reach the merits of the claims, it is not clear what deficiencies the proposed complaint would be addressing.

[12] *Id.*, at 10-13.

examination of the (unavailing) scienter allegations, including consideration of the allegations as to each Defendant and a factor-by-factor *Helwig* analysis.[13]

Furthermore, the Court's conclusion that the AC failed "to adequately explain why the excerpted statements are misleading"[14]—*i.e.*, to allege falsity with the requisite particularity—is a substantive holding, not merely a question of "clarity."[15]  *See* 15 U.S.C. § 78u-4(b)(1)(A)–(B) (PSLRA requires complaint to allege "each statement alleged to have been misleading" *and* "the reason or reasons why the statement is misleading").  By arguing otherwise, the Motion for Reconsideration mischaracterizes both the PSLRA and the Court's Order.

### (3)     *The Order correctly held the PSLRA limits a plaintiff's ability to amend the complaint.*

Grasping at straws, the Motion for Reconsideration asserts the Court erred in "implicit[ly] holding . . . the PSLRA necessarily precludes dismissal without prejudice."  MFR, at 8.  Not so. The Order properly set forth the Sixth Circuit's conclusion that "the PSLRA restricts the scope of Rule 15(a) in the context of securities litigation such that plaintiffs have more limited ability to amend their complaints."  Order, at 21 (quoting *La. Sch. Emps. Ret. Sys.*, 622 F.3d at 486).

Tellingly, the Motion for Reconsideration cites no Sixth Circuit authority to support its argument on this point and makes no attempt to distinguish the authority cited in the Order.  Indeed, even the non-binding authority Plaintiff cites from other jurisdictions ultimately affirmed lower court orders denying plaintiffs leave to amend their complaints.  *See, e.g., In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31 (1st Cir. 2014) (denying leave to amend to supplement complaint with

---

[13] *Id.*, at 13-21.

[14] *Id.*, at 10.

[15] MFR, at 7 ("[T]he dismissal was based on the [AC]'s lack of clarity rather than the merits of the claim").

Case 1:19-cv-00024-CEA-CHS     Document 83     Filed 04/02/21     Page 12 of 20
PageID #: 1472

evidence from previously available witnesses); *Belizan v. Hershon,* 434 F.3d 579 (D.C. Cir. 2006) (denying leave to amend a complaint for failure to file a proper motion).

It is well-settled that "the PSLRA restricts a plaintiff's ability to freely amend a complaint[.]" *Fidel*, 392 F.3d at 236.[16] This is consistent with the Sixth Circuit's admonition that plaintiffs may not "use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) to raise arguments which could, and should, have been made before judgment issued." *Leisure Caviar*, 616 F.3d at 616 (internal quotations omitted). Yet that is exactly what the Motion for Reconsideration seeks to do here in suggesting that the Court give Plaintiff a ***third bite at the apple***[17] to plead an actionable securities claim, without demonstrating he was prevented from doing so earlier.

In any event, the Motion For Reconsideration fails to identify a single additional fact or revision to the AC that could not have been made prior to the Order.[18] Instead, the Motion for Reconsideration asserts that amendment of the AC is justified in order to: (i) more "[c]learly identif[y] the statements alleged to be misleading," (ii) "[o]rganiz[e] Plaintiff's allegations in a more coherent structure," (iii) "[b]olster the allegations of scienter," and (iv) "[c]larif[y] the alleged misstatements." MFR, at 9. Nearly identical arguments have been rejected by the Sixth

---

[16] Accordingly, actions like the present one governed by the PSLRA are not subject to the "liberal amendment" described in *Fisher v. Roberts*, 125 F.3d 974, 977–78 (6th Cir. 1997).

[17] The initial Complaint for Violations of the Federal Securities Laws (Doc. 1) was filed on February 1, 2019. Following appointment of Lead Plaintiff and Lead Counsel on August 26, 2019, Plaintiff filed the AC. Doc. 56. Thus, the proposed Second Amended Complaint would be the third attempt to plead a sufficient claim.

[18] Strangely, the Motion for Reconsideration states "Plaintiff could not predict that the Court would dismiss the Complaint under the rarely-recognized 'puzzle pleading' defense." MFR, at 9. As an initial matter, the Court's acceptance of the "defense of puzzle pleading" is nothing more than the Court's acknowledgement that the PSLRA requires claims to be pleaded with the requisite specificity. Order, at 10. It strains credulity to suggest that Plaintiff was unaware of the statute governing pleading securities fraud claims. In any event, the Court's dismissal was not solely because the AC was puzzled pleaded. *See supra* pp. 4-8.

Circuit. *See, e.g.*, *Reese v. Ohio Dep't of Rehab. & Corr.*, No. 17-3380, 2018 U.S. App. LEXIS 16926, at \*5 (6th Cir. June 21, 2018) (affirming denial of motion for leave to amend where plaintiff sought to amend complaint in order to "argue his claims in greater detail" and "restate, clarify and rephrase a few selected pertinent facts and claims."); *In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 573-574 (6th Cir. 2004) (affirming denial of motion to amend because "better organized" and "generally more complete" allegations, relying on the same legal theories, are not enough to cure deficient pleadings). As the Sixth Circuit explained, "manifest injustice does not occur when a losing party attempts to correct what has—in hindsight—turned out to be poor strategic decision." *Mich. Flyer*, 860 F.3d at 432 (finding where, as here, plaintiff "had numerous opportunities to seek leave to amend under Rule 15 to add the new allegations[,]" the district court properly denied the motion for reconsideration) (internal quotations omitted).

**(4)**      *The Motion for Reconsideration provides no explanation for Plaintiff's failure to seek leave to amend timely.*

Finally, a party seeking to amend a complaint after an adverse judgment "must shoulder a heavy burden" and, "[i]nstead of meeting only the modest requirements of Rule 15 . . . must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar*, 616 F.3d at 615-16 (citing *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008)). Unlike in the context of a Rule 15 motion before judgment is entered, a "claimant who seeks to amend a complaint after losing the case must provide a compelling explanation to the district court for granting the motion." *Bunn*, 797 F. App'x at 256. Thus, in the context of post-judgment motions to amend under the cloak of a Rule 59 motion for reconsideration, the Court "ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Leisure Caviar*, 616 F.3d at 615-16 (internal quotations and citations omitted).

9

Here, the Motion for Reconsideration provides no clear explanation for Plaintiff's failure to seek leave to amend timely. For example, the Motion for Reconsideration asserts that the proposed Second Amended Complaint "clarifies the alleged misstatements about the Highland plant by pleading Defendants' accounting violations with particularity." *See* MFR, at 9 (ostensibly referring to MFR Ex. B, at ¶¶ 132-149). What the Motion for Reconsideration does *not* explain, however, is why Plaintiff failed to seek leave to amend prior to entry of the Order in order to make these "clarifications."[19] For this reason, and the additional reasons discussed above, the Motion for Reconsideration should be denied.

**B. Amendment is Futile Where the Proposed Second Amended Complaint Still Falls Short of the PSLRA Requirements.**

For the foregoing reasons, the Court did not commit any clear error of law in following Sixth Circuit authority and dismissing the AC with prejudice. Nevertheless, even if the Court did consider the proposed Second Amended Complaint, the superficial re-organization of the allegations and paltry additional scienter allegation still do not meet the exacting PSLRA pleading bar, which functions as "an elephant-sized boulder blocking" such suits. Order, at 10. As such, amendment would be futile under Rule 15 and the Motion for Reconsideration should be denied.

**(1) *The new paper-thin CW allegations do not save the proposed Second Amended Complaint.***

The Motion for Reconsideration alleges Plaintiff's scienter allegations are bolstered by "statements from a newly identified confidential witness" cited in the proposed Second Amended Complaint as "CW 4." MFR, at 9. As a threshold matter, it is improper to consider these allegations because "[t]o constitute 'newly discovered evidence,' the evidence must have been

---

[19] Indeed, the inclusion in the AC of a slimmed down version of these accounting-related allegations belies any argument the accounting allegations in the proposed Second Amended Complaint are based on anything that could not have been raised earlier. *See* AC ¶¶ 94-96.

previously unavailable." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Frazier v. United States,* No. 1:14-CV-134, 2020 U.S. Dist. LEXIS 82881, at *16 (E.D. Tenn. May 12, 2020). The Supreme Court of the United States has explained that Rule 59(e) "may not be used to . . . present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations and citations omitted). Accordingly, where a plaintiff presents "no explanation for their failure to come forward with [particular] evidence prior to the district court's dismissal" and has "not shown that they exercised due diligence in obtaining the evidence," a district court should deny a post-judgment motion to amend. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (affirming district court's dismissal and denial of leave to amend). The Motion for Reconsideration is notably silent as to why the additional allegations attributed to CW 4 were not discoverable until post-judgment. This alone precludes consideration of such "new" alleged evidence.

In any event, the CW 4 allegations add nothing new that would affect the Court's careful and detailed scienter analysis. The lone paragraph addressing CW 4's purported knowledge alleges only that "CW 4 stated that whenever Highland attempted to increase the production volume, dust would clog up the escape duct and fall all over the hammermills," and "Highland had to constantly stop the line so that CW 4 and other workers could dig out the dust from the hammermills and clean out the clogged duct." MFR Ex. B, at ¶ 117. But the Order already addressed the allegation that Defendants' statements were purportedly contradicted by issues with the hammermills, and concluded "Brock admitted that the hammer mills suffered some defects" and "[t]herefore, it does not appear that the Material Leakage Memo contradicted Brock's statements." Order, at 17.

Apart from CW 4, the proposed Second Amended Complaint introduces no substantively new scienter allegations[20] and does little more than rehash the same deficient allegations found in the AC. *Compare, e.g.,* MFR Ex. B, at ¶ 186.c (providing "additional" scienter allegations) *with* AC ¶ 72 (existing substantially similar allegations). Since nothing of substance was added to the scienter analysis with respect to Mr. Brock, the Court's scienter conclusions in the Order are unchallenged and, for that reason alone, the proposed Second Amended Complaint fails to state a securities claim and makes amendment futile.

**(2)    *The proposed Second Amended Complaint adds nothing bolstering the scienter allegations as to Messrs. Swanson or Silvious.***

Scienter must be alleged with particularity as to ***each*** defendant. A complaint may not "merely make[] general statements and heap[] inference upon inference" without alleging "that Person A did Act B at Time C, which is required by the [PSLRA]." *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 482 (6th Cir. 2014). The Order held the scienter allegations related to Messrs. Swanson and Silvious were not sufficient to give rise to a strong inference of scienter,[21] and there is not a single additional allegation in the proposed Second Amended Complaint that bolsters such an inference. Indeed, the proposed Second Amended Complaint appears to heed the Order and drop Mr. Swanson as a Defendant. *See* MFR Ex. B, at ¶ 31 ("Relevant ***non-party*** Malcolm Swanson was an Executive Officer of the Company and served as the President of Astec, Inc. from January 2014 through 2018.") (emphasis added). Furthermore, the Order admonishes that "Plaintiffs have waived their argument that Silvious acted with the required scienter." Order at

---

[20] *Compare, e.g.,* MFR, Ex. B, at ¶¶ 183-184 (allegations about Mr. Brock's stock sales) *with* AC ¶¶ 92-93 (nearly identical allegations); MFR, Ex. B, at ¶ 193 (allegations regarding Mr. Brock's position) *with* AC ¶ 162 (identical allegations).

[21] Order, at 14-15 ("In their response to the motion to dismiss, Plaintiffs did not argue that any of the *Helwig* factors applied to Silvious. . . . Plaintiffs did not plead facts which demonstrate that Swanson made statements that were contradicted by the Astec's internal reports. As a result, Plaintiffs fail to plead any of the *Helwig* factors that are probative for scienter.")

14. The proposed Second Amended Complaint does nothing to cure the fatal flaws in the AC's scienter allegations against Mr. Silvious. Because the proposed Second Amended Complaint fails to plead scienter adequately against any one of the Individual Defendants, the Court cannot impute the required scienter to Astec. *See* Order, at 20-21.

Accordingly, the proposed Second Amended Complaint fails to plead scienter adequately, and, therefore, fails to state a securities claim.

### (3) *The superficial reorganization of allegations in the proposed Second Amended Complaint is not enough to stave off dismissal and makes amendment futile.*

The proposed Second Amended Complaint purports to amend the deficiencies in the AC by "[o]rganiz[ing] Plaintiff's allegations in a more coherent structure." MFR, at 9. Tacitly admitting that numerous allegations in the AC did not adequately allege why the statements are misleading as required by the PSLRA, the proposed Second Amended Complaint moves many of the allegations into a "background" section. *See* MFR Ex. B, at ¶¶ 49-66. Merely offering surface-level, cosmetic changes does nothing to address the deeper, substantive problems articulated in the Order regarding the failure to explain why the statements are misleading. *See* Order, at 10-13. Providing a "hodge-podge" of information about a company's background and various public statements, and making superficial changes are not enough to cure deficient pleadings. *See, e.g.,* Order, at 13; *In re Ford Motor Co. Sec. Litig.*, 381 F.3d at 574.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be denied and Plaintiff should not be granted leave to file his proposed Second Amended Complaint.

This 2nd day of April, 2021.

ALSTON & BIRD

*/s/ John A. Jordak, Jr.*

John A. Jordak, Jr. *(admitted pro hac vice)*
john.jordak@alston.com
Elizabeth Gingold Clark *(admitted pro hac vice)*
elizabeth.clark@alston.com
Courtney E. Quirós *(admitted pro hac vice)*
courtney.quiros@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

CHAMBLISS, BAHNER & STOPHEL, P.C.

Richard W. Bethea
rbethea@chamblisslaw.com
John G. Jackson
jjackson@chamblisslaw.com
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000

*Attorneys for Defendants Astec Industries, Inc., Benjamin G. Brock, David C. Silvious, and Malcom Swanson*

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 2, 2021, I electronically filed the foregoing **DEFENDANTS'**

**OPPOSITION TO LEAD PLAINTIFF'S MOTION TO ALTER OR AMEND THE**

**JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT**

with the Clerk of Court using the CM/ECF system, which will automatically send notification of

such filing upon all Counsel of Record.

**ALSTON & BIRD**

By:  */s/ John A. Jordak, Jr.*
John A. Jordak, Jr. (*admitted pro hac vice*)
Georgia Bar Number 404250