# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:19-cv-00024-CEA-CHS |
| | ) | |
| Plaintiff, | ) | CLASS ACTION |
| | ) | |
| vs. | ) | |
| | ) | Judge Charles E. Atchley, Jr. |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) | Mag. Judge Christopher H. Steger |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT
AND FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   ARGUMENT ........................................................................................................ 2

   A.   **The Court Committed Reversible Error By Dismissing the Complaint With Prejudice** ........................................................................................................... 2

      1.   **The Opinion Did Not Provide Any Justification For Its Dismissal With Prejudice** .................................................................................................... 2

      2.   **The PSLRA Does Not Preclude the Court From Granting Dismissal With Leave to Amend.** ................................................................................... 4

      3.   **The Opinion Was Not a Decision on the Merits** ........................................ 5

      4.   **Defendants Would Suffer No Prejudice From a Hearing on the Merits** ............... 6

   B.   **The Proposed Amended Complaint Is Not Futile** ........................................... 7

      1.   **The Proposed Amended Complaint Pleads Falsity** ..................................... 7

      2.   **The Proposed Amended Complaint Pleads a Strong Inference of Scienter** .......... 9

III.  CONCLUSION ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burkeen v. A.R.E. Accessories, LLC,*
    758 F. App'x 412 (6th Cir. 2018)................................................................................ 4, 7

*Burkeen v. A.R.E. Accessories, LLC,*
    No. 5:16-CV-17-TBR, 2019 WL 2041363 (W.D. Ky. May 8, 2019) ....................................... 4

*Foman v. Davis,*
    371 U.S. 178 (1962)................................................................................................ 2, 5

*La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP,*
    622 F.3d 471 (6th Cir. 2010) ...................................................................................... 2, 5

*Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC,*
    No. 12-10961, 2012 WL 3060922 (E.D. Mich. July 26, 2012) ...................................... 3

*Miller v. Champion Enterprises Inc.,*
    346 F.3d 660 (6th Cir. 2003) ...................................................................................... 5

*Moore v. City of Paducah,*
    790 F.2d 557 (6th Cir. 1986) ...................................................................................... 3, 5

*Morse v. McWhorter,*
    290 F.3d 795 (6th Cir. 2002) ...................................................................................... 6

*Newberry v. Silverman,*
    789 F.3d 636 (6th Cir. 2015) ...................................................................................... 7

*Parchman v. SLM Corp.,*
    896 F.3d 728 (6th Cir. 2018) ...................................................................................... 3, 5, 6

*Salling v. Budget Rent-A-Car Sys., Inc.,*
    No. 1:09-CV-2160, 2010 WL 11565528 (N.D. Ohio Feb. 19, 2010)....................................... 6

*Shane v. Bunzl Distribution USA, Inc.,*
    200 F. App'x 397 (6th Cir. 2006)................................................................................ 10

*Tefft v. Seward,*
    689 F.2d 637 (6th Cir. 1982) ...................................................................................... 3

**<u>Other Authorities</u>**

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1300 (3d ed. 2004) ................................................................................................................................ 6

Lead Plaintiff Lynn Johnson ("Plaintiff") submits this reply in further support of Lead Plaintiff's Motion To Alter Or Amend The Judgment And For Leave To File The Proposed Amended Complaint (the "Motion"). Dkt. Nos. 81-82.[1]

## I.  **<u>PRELIMINARY STATEMENT</u>**

Defendants' opposition brief (the "Opposition" or "Opp.") underscores that (i) the Opinion committed clear error under controlling U.S. Supreme Court and Sixth Circuit precedent by dismissing the Complaint with prejudice as opposed to without prejudice; and (ii) the Proposed Amended Complaint is not futile.

The Opposition concedes that the Opinion dismissed the Complaint with prejudice solely because Plaintiff requested leave to amend informally rather than by a formal Rule 15 motion. The Opposition argues that the Court's dismissal amounts to a justification based on undue delay. The Opposition's argument fails for two reasons. First, the Opinion does not mention delay, much less undue delay. Second, under black letter Sixth Circuit law, undue delay is an insufficient justification to deny leave to amend without a showing of prejudice to Defendants, and neither the Opinion nor the Opposition even attempt to show prejudice. The Opinion's failure to cite any *Foman* factor as justification for denying leave to amend is clear and reversible error. Further, the Court's imposition of a blanket rule that a PSLRA case can never be dismissed without prejudice is a failure to exercise discretion that violates Rule 15 and the PSLRA.

Further, the PAC directly addresses the Court's concerns with the Complaint, and, accordingly, would not be futile. The PAC alleges with particularity the who, what, when, where, and why of each alleged misstatement and why it is misleading. The PAC also alleges that Astec's

---

[1] All "¶ _" references are to the Proposed Amended Complaint ("PAC"). Unless otherwise indicated, capitalized terms shall have the meanings set forth in the Motion, internal citations and quotations are omitted, and emphasis is added.

financial statements during the Class Period were false and misleading because they violated generally accepted accounting policies and Astec's own internal accounting policies. Finally, the PAC explicitly alleges a strong inference of scienter against each Defendant, including a new confidential witness who supports the Complaint's allegations, and the allegations track the *Helwig* standards detailed in the Opinion.

Defendants, understandably, prefer this action be dismissed without being heard on the merits. But denying Plaintiff and the proposed class the opportunity to recover on their meritorious claim would result in manifest injustice. Plaintiff has filed just one pleading in this action, and justice requires the Court allow him an opportunity to cure any technical pleading defects so that his claim can be heard on the merits.

## II.     ARGUMENT

### A.     The Court Committed Reversible Error By Dismissing the Complaint With Prejudice

#### 1.     The Opinion Did Not Provide Any Justification For Its Dismissal With Prejudice

The U.S. Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962) that courts abuse their discretion when they deny leave to amend without justifying the denial with a finding of any undue delay, bad faith, a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.

The Opposition contends that the Opinion justified its dismissal with prejudice by finding that Plaintiff acted with undue delay by failing to file a formal Rule 15 motion prior to the Opinion. Opp. at 4-5. But the Opinion plainly does not mention any delay, much less undue delay. Rather, the Opinion held that the *form* of Plaintiff's request in an opposition brief was insufficient, not that the *timing* of the request represented undue delay. *See* Opinion, at 21-22 (citing *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (affirming dismissal without

2

mentioning delay)). Courts typically only find undue delay when discovery has been substantially completed and would need to be reopened and supplemented due to the amendment. *See, e.g., Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations, LLC*, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012). ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed.").

More importantly, even assuming, *arguendo*, that the Court had justified dismissal with prejudice by citing undue delay, a court abuses its discretion when it denies leave to amend based solely on undue delay without "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). In *Moore*, the Sixth Circuit reversed and remanded the district court's denial of the plaintiff's motion for leave to file a third amended complaint and held that the district court's denial based on the 28-month delay was an abuse of discretion. *Id.*, at 561-2. *See Parchman v. SLM Corp.*, 896 F.3d 728, 737 (6th Cir. 2018) (reversing district court's denial of leave to amend and rejecting the defendants' argument that the denial was based on undue delay because "if the district court wanted to deny the motion based on undue delay, 'at least some significant showing of prejudice' would be required, and the district court did not discuss any prejudice to Defendants."); *Tefft v. Seward*, 689 F.2d 637, 640 &n.2 (6th Cir. 1982) (vacating district court's denial of the plaintiff's request to amend made in opposition brief and holding that "[d]elay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.").The Opposition's attempt to retroactively create a justification for the Opinion's denial of leave to amend fails.

The Opinion's failure to justify its denial of leave to amend on any of the *Foman* factors is an abuse of discretion. As the Sixth Circuit explained in *Burkeen*, a district court's failure to

3

provide a *Foman* justification for denial of leave to amend is an abuse of discretion and reversible error. *Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 416 (6th Cir. 2018) (vacating district court's dismissal with prejudice). The opposition attempts to distinguish *Burkeen* on the basis that the district court in that case "did not provide any explanation for dismissing the complaint with prejudice." Opp. at 5 & n.9. This attempt fails because the *Burkeen* court vacated the district court's decision despite noting that the plaintiff had not requested leave to replead prior to judgment (*Burkeen*, 758 F. App'x at 416)—the only justification upon which the Opinion based its dismissal. Finally, on remand, the district court in *Burkeen* granted the plaintiff's post-judgment request for leave to amend, holding that the "well-established preference for allowing claims to be decided on their merits" outweighed (i) the plaintiff's failure to request leave to amend prior to judgment, and (ii) the 9-month delay between the defendants' motion to dismiss and the plaintiff's post-judgment motion for leave to amend. *Burkeen v. A.R.E. Accessories, LLC*, No. 5:16-CV-17-TBR, 2019 WL 2041363, at *5 (W.D. Ky. May 8, 2019).

The same result should hold here; the Opinion's dismissal with prejudice was an abuse of discretion and clear error.

### 2. The PSLRA Does Not Preclude the Court From Granting Dismissal With Leave to Amend.

Echoing the Opinion, the Opposition argues that the PSLRA precludes district courts from ever granting a motion to dismiss without prejudice. Opp. at 7; *see* Opinion at 21-22. The Opposition is wrong. There is no language or legislative history of the PSLRA, no local or federal rule, and no controlling precedent that states the PSLRA fully strips district courts of their discretion in deciding when to grant leave to replead. The Opposition and the Opinion both misapply the Sixth Circuit's holding that, under the PSLRA, "plaintiffs have more limited ability

4

to amend their complaints." Opinion at 21 (citing *Louisiana Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)); Opp. at 7 (same).

Even if the PSLRA allows a plaintiff "more limited ability" to freely amend, such limits cannot extend to entirely removing the district court's considerable discretion. The Sixth Circuit demonstrated its understanding of this fundamental distinction when it held that "the purpose of the PSLRA would be frustrated if district courts were required to allow repeated amendments to complaints filed under the PSLRA." *Miller v. Champion Enterprises Inc.*, 346 F.3d 660, 692 (6th Cir. 2003). The PSLRA cannot *require* district courts to always allow repeated amendments for the same reason it cannot *require* district courts to never allow amendments, and the Opinion's adherence to the latter was "not an exercise in discretion, but abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman, 371 U.S. at 182*).

Plaintiff has filed just one pleading in this action, not repeated amendments[2], and the Court's failure to even consider exercising its considerable discretion to determine whether an amendment is justified undermines the fundamental principle that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).

### 3. The Opinion Was Not a Decision on the Merits

The Opposition contends that the Opinion dismissed Plaintiff's claims on the merits. Opp. at 6-7. However, the Opinion is abundantly clear that the dismissal was based on the Court's inability to "determine why Plaintiffs believe these statements are misleading" (Opinion at 11-12)

---

[2] The Opposition falsely contends that the Motion seeks to "give Plaintiff a third bite at the apple to plead an actionable securities claim." Opp. at 8. As Defendants are well aware, neither Plaintiff nor Lead Counsel filed the initial complaint in this action. Dkt. No. 1.

rather than on the underlying merit of Plaintiff's claims. "In the securities litigation context, leave to amend is particularly appropriate where the complaint does not allege fraud with particularity." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).[3]

The Court's dismissal on technical pleading deficiencies, rather than on the underlying merits of Plaintiff's claim, weighs heavily against dismissal with prejudice.

### 4. Defendants Would Suffer No Prejudice From a Hearing on the Merits

The Opposition does not—and cannot—make any attempt to argue that Defendants would suffer prejudice if the Motion is granted. Denying leave to amend without showing prejudice to the defendant or futility of amendment is reversible error. *See Parchman v. SLM Corp.*, 896 F.3d 728, 737 (6th Cir. 2018) (reversing district court's denial of leave to amend and rejecting the defendants' argument that the denial was based on undue delay because "if the district court wanted to deny the motion based on undue delay, 'at least some significant showing of prejudice' would be required, and the district court did not discuss any prejudice to Defendants").

Without mentioning prejudice, the Opposition meekly states that twelve months passed between Defendants' motion to dismiss and the issuance of the Opinion. The Sixth Circuit has flatly rejected the argument that such a delay in ruling on a motion to dismiss is grounds for dismissal with prejudice. *See Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 416 (6th Cir. 2018) (rejecting the defendant's argument that district court's dismissal with prejudice was not in

---

[3] *See also Salling v. Budget Rent-A-Car Sys., Inc.*, No. 1:09-CV-2160, 2010 WL 11565528, at *5 (N.D. Ohio Feb. 19, 2010) (dismissing without prejudice and granting plaintiff leave to amend to cure lack of particularity because "without passing on the substantive merits of the claim, this Court finds that the Plaintiff's Complaint does not plead fraud with the particularity required by Rule 9(b)"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1300 (3d ed. 2004) ("[I]n most instances, when a motion based on lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it will be with leave to amend the deficient pleading. Thus, a failure to satisfy Rule 9(b) will not automatically lead to a dismissal of the action, let alone one that leads to a judgment on the merits.").

6

error, holding "the eight-month hiatus was as much a consequence of the district court's unexplained delay in ruling on the motion to dismiss as Plaintiffs' shortcomings"). Defendants' complaints about the length of time between their motion to dismiss and the issuance of the Opinion is particularly disingenuous given that the delay was due to (i) the case twice being reassigned, including the extremely unfortunate passing of Chief Judge Pamela L. Reeves; and (ii) the parties jointly requesting that the Court hold the then-pending motion to dismiss in abeyance from March 6, 2020 until May 19, 2020.[4]

The Opposition's failure to show prejudice further demonstrates the manifest injustice of dismissing Plaintiff's claims without an opportunity to be heard on the merits.

### B.    The Proposed Amended Complaint Is Not Futile

#### 1.    The Proposed Amended Complaint Pleads Falsity

The PAC pleads each alleged misstatement with the particularity required under the PSLRA and Rule 9(b). The Opposition does not address the falsity allegations in the PAC, effectively conceding that they are not futile.[5] "[D]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

For example, PAC pleads falsity with particularity for Brock's statements on Astec's July 26, 2016 investor call: (i) that two of the lines were up and running at the final design was false and misleading because none of the three lines were "up and running" at the required production level with wood burners, and none of the lines were at their "final design" (¶¶ 67-68); (ii) that the

---

[4] Plaintiff will gladly file a supplemental letter further explaining the parties' joint request for abeyance if the Court so desires.

[5] After successfully arguing that the Complaint should be dismissed based on "puzzle pleading" too-long block quotes (Opinion at 9, 12), the Opposition now disingenuously argues that the organization of the Proposed Amended Complaint is irrelevant to futility. Opp. at 8-9.

banks would be "all in" to refinance the loan as soon as the replacement burners were installed was false and misleading because it gave investors a false impression of the risk that simply replacing the burners would fail to resolve the production issues. In fact, the banks were not "all in" after the lines were retrofitted, and the new burners did not resolve the plant's manufacturing issues (¶¶ 67-68); (iii) that Hazlehurst receiving financing—and Astec getting repaid—was only a "matter of timing" materially misled investors about the significant risk that Astec would not be able to fix the ongoing problems at the Hazlehurst plant preventing the ramping up of production without using natural gas (¶¶ 67-68); (iv) that the testing was "fine" was false and misleading because the testing on the two new burners was not "fine." None of the Hazlehurst lines had met production goals for tons per hour using the required wood burners. The lines were still running on natural gas in January 2017 because they were unable to meet production goals using wood burners (¶¶ 67-69); and (v) that "[w]e have to put the third burner in, but they could get financing on that plant without it" was false and misleading because Hazlehurst needed to run all three lines using wood burners to secure an EU contract and to secure financing. ¶¶ 67-69.

The PAC also alleges that Astec's financial statements filed with the SEC during the Class Period were false and misleading because they violated generally accepted accounting principles ("GAAP") and Astec's own publicly-disclosed internal accounting policies by prematurely recognizing revenue $150 million in revenue for the Highland Plant despite Astec's failure to meet its contractual obligations. The PAC details the specific accounting rules that Astec violated, specifies the precise amount of revenue that Astec prematurely recognized in each false financial statement, describes which Defendant made which statement, and explains which accounting policy GAAP required Astec to follow. ¶¶ 135-152. The PAC also alleges that Defendants'

violated GAAP by failing to disclose their $150 million Highland refund guarantee to investors for over two years. ¶¶ 153-163.

2.     The Proposed Amended Complaint Pleads a Strong Inference of Scienter

The Opposition argues that the PAC is futile because "nothing of substance was added to the scienter analysis." Opp. at 12. This argument fails because it simply ignores the PAC's compelling scienter allegations. The Opinion's finding that the Complaint failed to plead scienter was based on the Court's inability to decipher the Complaint's falsity allegations.[6] The Proposed Amended Complaint resolves those purported issues and pleads a strong inference of scienter against each Defendant based on the *Helwig* factors.

In addition to Brock's highly suspicious and substantial insider trading that the Court has already recognized (Opinion at 17-19), the Proposed Amended Complaint alleges that Brock and Swanson both received internal reports that diverged from Brock and Astec's external statements on the same subject, including CW allegations that Brock and Swanson regularly participated in meetings discussing the Highland's inability pass the Reliability Run and that Swanson[7] received daily updated on Highland's production output. ¶¶ 96-101, 103-109, 125, 127, 129, 131, 186.

The PAC also alleges that Brock frequently made misstatements that were contradicted a short time later.  For example, Brock stated on a February 20, 2018 investor call that Astec believed the charges Astec had taken for improvements on the Highland plant in 2017 were sufficient to

---

[6] The Opinion mistakenly dismissed the scienter allegations against Silvious because "there is only one statement made by Silvious quoted in the complaint." Opinion at 14-15. As the PAC makes clear, Silvious signed each of Astec's class period SEC filings and is thus a "maker" of each alleged misstatement therein. ¶¶ 150(a)-(g), 185(a). Similarly, the Opinion mistakenly failed to consider the meetings Brock and Swanson attended as "internal reports." Opinion at 15-18; ¶ 186(a).

[7] The PAC does not assert claims against Swanson. Instead, the PAC alleges that Swanson's knowledge of the severe engineering problems at Highland and Hazlehurst can be imputed to Astec because Swanson served as an executive officer and President of Astec, Inc., which is Astec's largest subsidiary and part of the Company's critical Infrastructure Group. ¶ 191.

9

fulfill Astec's obligations to Highland. Just nine days later, on March 1, 2018, Astec disclosed the Highland plant had "not yet met the production output and the operational specifications set forth in the original contract and that Astec "entered into a contract amendment in February 2018, whereby the Company agreed to compensate [Highland] for production shortfalls caused by the Company . . . from January 1, 2018 through June 15, 2018." Further, the Form 10-K revealed that Astec had already "incurred production shortfalls in January and February 2018." ¶ 187.

Further, the PAC's new accounting allegations add an additional strong inference of scienter. Defendants violated GAAP and Astec's own accounting policies, and the magnitude of the accounting violations were large than Astec's net income in any fiscal year. Further, the revenue recognition rules Defendants violated were simple and integral to Astec's business, and Defendants' failure to disclose the Highland guarantee as a contingency was egregious. ¶ 190.

These allegations provide a strong inference of scienter that is more compelling than any non-fraudulent inference under the Opinion's analysis of scienter. The PAC resolves all of the purported pleading deficiencies identified in the Opinion and is not futile. Accordingly, the Plaintiff should be granted leave to file the PAC. *See Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006) (overturning district court's denial of plaintiff's motion to alter judgment and file third amended complaint because the proposed amendments "directly responds to the district court's reasons for dismissing . . . so the proposed amendment would not have been futile.")

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's joint Rule 59(e) and Rule 15(a) motion and deem the Proposed Amended Complaint as filed.

Dated: April 9, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

**By**:  /s/ Daniel Tyre-Karp

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Daniel Tyre-Karp
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
  lrosen@rosenlegal.com
  dtyrekarp@rosenlegal.com

-and-

**BRAMLETT LAW OFFICES**
Paul Kent Bramlett #7387
Robert Preston Bramlett #25895
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Facsimile: 866-816-4116
Email: pknashlaw@aol.com

*Counsel for Lead Plaintiff*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, I electronically filed the foregoing **LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT AND FOR LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon all Counsel of Record.

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Daniel Tyre-Karp
Daniel Tyre-Karp (admitted pro hac vice)