CITY OF TAYLOR GENERAL
EMPLOYEES RETIREMENT SYSTEM, 　　　)　　　Case No. 1:19-cv-24

)

*Plaintiff*, 　　　)　　　Judge Atchley

)

v. 　　　)　　　Magistrate Judge Steger

)

ASTEC INDUSTRIES, *et al.*, 　　　)

)

*Defendant*s. 　　　)

## MEMORANDUM OPINION AND ORDER

Before the Court is Lead Plaintiff's Motion to Alter or Amend the Judgment and for Leave to File the Proposed Amended Complaint. [Doc. 81]. The Court assumes familiarity with the facts provided in its previous Memorandum Opinion and Order. [Op. at 2–7]. In its order, the Court dismissed all claims asserted against Defendants Astec Industries, Benjamin Brock, David Silvious, and Malcolm Swanson with prejudice. [*Id.* at 22]. Lead Plaintiff Lynn Johnson argues that the Court's ruling was clearly erroneous when it dismissed the case with prejudice and did not grant leave to amend the complaint. For the reasons that follow, Lead Plaintiff's Motion to Alter or Amend the Judgment and for Leave to File the Proposed Amended Complaint [Doc. 81] is **DENIED**.

When a motion to amend the complaint is made after judgment is entered, the liberal amendment policy set forth in Rule 15 no longer applies. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010). Instead, the party wishing to set aside the judgment must meet the grounds required by Rules 59 or 60. *Id.* The Sixth Circuit has stated that a "Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 432 (6th Cir. 2017). Here, Plaintiff argues that the Court made a clear error of law. [Doc. 82 at 7].

Plaintiff states that this Court made a clear error of law when it refused to grant her leave to amend. [*Id.*]. However, the Sixth Circuit has been clear, "if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice." *CNH Am. LLC v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 645 F.3d 785, 795 (6th Cir. 2011). Additionally, "a bare request in an opposition to a motion to dismiss—without any indication on the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)." [Op. at 21] (quoting *La Sch. Emps. Retirement Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)). In fact, when the plaintiff has put forth no information as to how it would amend its complaint, the Court should dismiss the case instead of issuing an "advisory opinion" identifying defects in the complaint. [*Id.* at 22].

In her motion, Plaintiff cites cases where the Sixth Circuit stated that dismissal with prejudice is inappropriate unless "it is clear on de novo review that the complaint could not be saved by an amendment." *Stewart v. IHT Ins. Agency Grp., LLC.*, 990 F.3d 455, 457 n.* (6th Cir. 2021). That reasoning was taken from *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015), where the district court was faced with a request to amend *and* a ten-page affidavit where the plaintiff laid out his claim in more detail. In light of that affidavit, subsequent panels of the Sixth Circuit have recognized that *Newberry* applies only when the district court can gauge if the plaintiff is likely to cure a pleading deficiency. *United States ex rel. Roycroft v. Geo Grp., Inc.*, 722 F. App'x 404, 408–09 (6th Cir. 2018); *United States ex rel. Harper v. Muskingum Watershed*

2

*Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018).[1] *Newberry* cannot apply in this case because it was impossible to determine if an amendment could have saved the complaint. There was no proposed amendment before the Court when the motion to dismiss was granted. *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 n.7 (6th Cir. 2017) ("The problem with the lack of a motion or proposed amendment, we have explained, is that [w]ithout viewing the proposed amendment it [is] impossible for the district court to determine whether leave to amend should have been granted.") (quoting *Spadafore v. Gardner*, 300 F.3d 849, 853 (6th Cir. 2003)) (alterations in original) (internal quotation marks omitted); *see also United States ex rel. Roycroft*, 772 F. App'x at 409.

Plaintiff had numerous opportunities to file an amended complaint. She even could have chosen to identify in her opposition to dismissal how she would amend the complaint if the Court granted the motion to dismiss. She did not do that. In those circumstances, dismissal with prejudice was not an abuse of discretion. Therefore, the Court did not commit a clear error of law. [2]

Because there are no grounds that justify setting aside the judgment, the Court does not reach whether the amendment should be allowed under Rule 15's standards. *Leisure Caviar*, 616 F.3d at 615–16. Therefore, Lead Plaintiff's Motion to Alter or Amend the Judgment and for Leave to File the Proposed Amended Complaint [Doc. 81] is **DENIED**.

---

[1] Indeed even in *Stewart*, the Court did not revive the complaint because the plaintiffs failed to "explain[] why these [additional] claims would have survived the district court's ruling." 990 F.3d at 457 n.*.

[2] In Plaintiff's reply, she claims that not allowing this case to be heard on the merits would result in "manifest injustice." [Doc. 84 at 7]. While the Sixth Circuit has not defined manifest injustice with specificity, it has indicated that it requires "more than clear error." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330–31 (6th Cir. 2014). The Court did not commit an error. Furthermore, it is not an injustice when counsel relies on a strategy that turns out to be unsuccessful: "manifest injustice does not occur when a losing party attempts to correct what has—in hindsight—turned out to be poor strategic decision." *Mich. Flyer LLC*, 860 F.3d at 432 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)) (internal quotation marks omitted). Plaintiff believed her complaint was sufficient; it was not. That mistake does not create manifest injustice. *See Id.*

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**