| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 1:19-cv-00024-CEA-CHS |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) ) | Judge Charles E. Atchley Magistrate Judge Christopher H. Steger |
| Defendants. | ) ) | |

## ANSWER TO AMENDED COMPLAINT

Defendants Astec Industries, Inc. ("Astec" or the "Company") and Benjamin G. Brock, (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond to Lead Plaintiff Lynn Johnson's ("Plaintiff") Amended Complaint (the "Amended Complaint") (Dkt. 56) as follows. The Court dismissed all claims against Defendants David C. Silvious and Malcolm Swanson, *see* Dkt. 79, and, therefore, no response is necessary to the allegations in the Amended Complaint related to Messrs. Silvious and Swanson. All allegations not expressly admitted herein, including those contained in the structural headings and footnotes of the Amended Complaint, are denied.

## FIRST DEFENSE

Answering the numbered paragraphs of the Amended Complaint, Defendants state as follows:

### Response to Allegation No. 1:

Defendants admit that Plaintiff has brought a lawsuit attempting to state a cause of action for alleged violations of the federal securities laws, but deny that Plaintiff has stated any cause of

action against them.  Defendants otherwise deny the allegations in Paragraph 1 of the Amended Complaint.

**Response to Allegation No. 2:**

Defendants admit that Astec is headquartered in Chattanooga, Tennessee.  A description of Astec's business is set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph 2 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 2 of the Amended Complaint.

**Response to Allegation No. 3:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph 3 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 3 of the Amended Complaint.

**Response to Allegation No. 4:**

A description of Astec's business is set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph 4 of the Amended Complaint that are inconsistent therewith.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 4 related to the European Union's goal to use biomass fuels, and can neither admit nor deny the same.  Defendants otherwise deny the allegations in Paragraph 4 of the Amended Complaint.

**Response to Allegation No. 5:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph

5 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 5 of the Amended Complaint.

**Response to Allegation No. 6:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 6 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 6 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 6 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 6 of the Amended Complaint.

**Response to Allegation No. 7:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 7 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 7 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 7 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 7 of the Amended Complaint.

**Response to Allegation No. 8:**

To the extent the allegations in Paragraph 8 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 8 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 8 of the Amended Complaint.

**Response to Allegation No. 9:**

Defendants admit the Company sold wood pellet plants that were designed to burn wood matter, that the plants burned wood matter, and that certain of its plants also at times burned natural gas. Defendants otherwise deny the allegations in Paragraph 9 of the Amended Complaint.

**Response to Allegation No. 10:**

Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

**Response to Allegation No. 11:**

Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

**Response to Allegation No. 12:**

Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

**Response to Allegation No. 13:**

To the extent the allegations in Paragraph 13 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 13 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 13 of the Amended Complaint.

**Response to Allegation No. 14:**

To the extent Paragraph 14 of the Amended Complaint describes and/or quotes analyst coverage of Astec, that analyst coverage is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 14 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 14 of the Amended Complaint.

**Response to Allegation No. 15:**

Defendants state that the trading price and volume of Astec's stock are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 15 of the Amended

Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 15 of the Amended Complaint.

**Response to Allegation No. 16:**

Defendants admit that Benjamin Brock resigned as President and Chief Executive Officer and as a member of the Board from Astec on January 22, 2019.  Defendants otherwise deny the allegations in Paragraph 16 of the Amended Complaint.

## JURISDICTION AND VENUE

**Response to Allegation No. 17:**

Defendants admit that the Amended Complaint purports to bring claims based on alleged violations of the referenced provisions and that the Amended Complaint purports to be based on the referenced jurisdictional provision.  Defendants deny that the Amended Complaint states a claim and otherwise deny the allegations in Paragraph 17 of the Amended Complaint.

**Response to Allegation No. 18:**

Defendants admit that the Amended Complaint purports to bring claims based on alleged violations of the referenced provisions and that the Amended Complaint purports to be based on the referenced jurisdictional provision.  To the extent the allegations in Paragraph 18 call for a legal conclusion, no response is required and those are, therefore, denied.

**Response to Allegation No. 19:**

Defendants admit that the Amended Complaint purports to rely on the referenced venue provision, that Defendants conduct business in the District in which this case was filed, and that Astec is headquartered in Chattanooga, Tennessee.  To the extent the allegations in Paragraph 19 call for a legal conclusion, no response is required and those are, therefore, denied.

**Response to Allegation No. 20:**

The allegations in Paragraph 20 of the Amended Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.

## PARTIES

**Response to Allegation No. 21:**

Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

**Response to Allegation No. 22:**

Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

**Response to Allegation No. 23:**

Defendants admit that Mr. Brock was titled as the Chief Executive Officer from January 2014 – January 2019, was a member of Astec's Board of Directors from April 2013 – January 2019, and was a member of the Executive Committee of Astec's Board of Directors from April 2015 – January 2019. Defendants admit that Mr. Brock was titled as President of Astec, Inc. from November 2006 – January 2014, was titled as Vice President of the Asphalt Group from August 2012 – December 2013, was titled as Vice President of Sales from January 2003 – October 2006 and was titled as Vice President/General Manager of CEI Enterprises, Inc. from January 1997 – December 2002. With regard to the final sentence of Paragraph 23 of the Amended Complaint, Defendants state that Astec's public filings, which are a matter of public record, speak for themselves. Defendants otherwise deny the allegations in Paragraph 23 of the Amended Complaint.

**Response to Allegation No. 24:**

To the extent that the allegations in Paragraph 24 relate to parties that have been dismissed by the Court, no response is required. Defendants admit that Mr. Silvious was titled as the Vice

- 6 -

President, Chief Financial Officer, and Treasurer of the Company from August 2011 – December 2019, was titled as the Corporate Controller of the Company from April 2005 – July 2011 and was titled as Corporate Accountant from March 1999 – June2005.  Defendants admit that Mr. Silvious served as Treasurer of each of the Company's U.S. operating subsidiaries and Vice President of Astec Insurance Company.  Defendants otherwise deny the allegations in Paragraph 24 of the Amended Complaint.

### Response to Allegation No. 25:

To the extent that the allegations in Paragraph 25 relate to parties that have been dismissed by the Court, no response is required.  Defendants admit that Mr. Swanson was titled as President of Astec, Inc. from January 2014 – December 2018.  Defendants admit that Mr. Swanson was titled as Vice President – Engineering of Astec, Inc. from January 1995 – December 2013 and was titled as Chief Engineer of Astec, Inc. from 1989 – 1995.  Defendants otherwise deny the allegations in Paragraph 25 of the Amended Complaint.

### Response to Allegation No. 26:

Defendants admit that the Amended Complaint purports to refer to Messrs. Brock, Silvious, and Swanson as the "Individual Defendants."  All claims against Messrs. Silvious and Swanson have been dismissed.

### Response to Allegation No. 27:

To the extent the allegations in Paragraph 27 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  To the extent the allegations in Paragraph 27 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required.  With respect to subparts (a), (b), (c), and (e) of Paragraph 27, Defendants admit that Mr. Brock was Chief Executive Officer of Astec in the timeframe alleged and deny any allegations in subparts (a), (b), (c), and (e) of Paragraph 27 of the Amended Complaint that are

- 7 -

inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 27 of the Amended Complaint.

**Response to Allegation No. 28:**

To the extent the allegations in Paragraph 28 call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations in Paragraph 28 of the Amended Complaint.

**Response to Allegation No. 29:**

To the extent the allegations in Paragraph 29 call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations of Paragraph 29 of the Amended Complaint.

**Response to Allegation No. 30:**

Defendants admit that the Amended Complaint purports to refer to Astec and Messrs. Brock, Silvious, and Swanson collectively as the "Defendants."  All claims against Messrs. Silvious and Swanson have been dismissed.

<div align="center">

**SUBSTANTIVE ALLEGATIONS**

**Background**

</div>

**Response to Allegation No. 31:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph 31 of the Amended Complaint that are inconsistent therewith.

**Response to Allegation No. 32:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves.  Defendants deny any allegations in Paragraph 32 of the Amended Complaint that are inconsistent therewith.

**Astec Enters the Wood Pellet Business**

**Response to Allegation No. 33:**

Defendants admit EU-based companies have imported wood pellets from the United States, and wood pellets were imported from the southern United States. Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the remaining allegations contained in Paragraph 33 of the Amended Complaint, and can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 33 of the Amended Complaint.

**Response to Allegation No. 34:**

Defendants admit that wood pellet manufacturing involves drying wood and turning trees into wood pellets. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning general production processes at wood pellet manufacturing plants owned and/or operated by non-Astec entities and, therefore, can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 34 of the Amended Complaint.

**Response to Allegation No. 35:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning general production processes or levels at wood pellet manufacturing plants owned and/or operated by non-Astec entities and, therefore, can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 35 of the Amended Complaint.

**Response to Allegation No. 36:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 36 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 36 of the Amended Complaint refer to Defendants' public statements or public filings,

those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 36 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 36 of the Amended Complaint.

**Response to Allegation No. 37:**

To the extent the allegations in Paragraph 37 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 37 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 37 of the Amended Complaint.

**Response to Allegation No. 38:**

To the extent that the allegations in Paragraph 38 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required.   Defendants admit that Mr. Swanson is referenced as the author of an article published by *Biomass Magazine* on December 21, 2013.  To the extent Paragraph 38 describes that article, the article is in the public record and speaks for itself.  Defendants deny any allegations contained in Paragraph 38 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 38 of the Amended Complaint.

<center>WITNESSES</center>

**Response to Allegation No. 39:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Highland Pellets by Confidential Witness ("CW") 1 or the truth of the allegations concerning statements made, if any, by CW1.  Defendants otherwise deny the allegations in Paragraph 39 of the Amended Complaint.

**Response to Allegation No. 40:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Highland Pellets by CW2 or the truth of the allegations concerning statements made, if any, by CW2. Defendants otherwise deny the allegations in Paragraph 40 of the Amended Complaint.

**Response to Allegation No. 41:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held at Highland Pellets by CW3 or the truth of the allegations concerning statements made, if any, by CW3. Defendants otherwise deny the allegations in Paragraph 41 of the Amended Complaint.

**Defendants Mislead Investors Regarding the Hazlehurst Plant**

**Response to Allegation No. 42:**

A description of Astec's history and business are set forth in its public filings, which are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 42 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 42 of the Amended Complaint.

**Response to Allegation No. 43:**

To the extent the allegations in Paragraph 43 of the Amended Complaint refer to filings made by Hazlehurst Wood Pellets, LLC, those filings are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 43 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 43 of the Amended Complaint.

**Response to Allegation No. 44:**

A description of Astec's history, business, and financial statements are set forth in its public filings, which are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 44 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 44 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 44 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 44 of the Amended Complaint.

**Response to Allegation No. 45:**

Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

**Response to Allegation No. 46:**

To the extent the allegations in Paragraph 46 of the Amended Complaint refer to filings made by and/or letters sent by Hazlehurst Wood Pellets, LLC, those filings and letters are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 46 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 46 of the Amended Complaint.

**Response to Allegation No. 47:**

To the extent the allegations in Paragraph 47 of the Amended Complaint refer to filings made by and/or letters sent by Hazlehurst Wood Pellets, LLC, those filings and letters are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 47 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 47 of the Amended Complaint.

**Response to Allegation No. 48:**

To the extent the allegations in Paragraph 48 of the Amended Complaint refer to filings made by and/or letters sent by Hazlehurst Wood Pellets, LLC, those filings and letters are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 48 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 48 of the Amended Complaint.

**Response to Allegation No. 49:**

To the extent the allegations in Paragraph 49 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 49 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 49 of the Amended Complaint.

**Response to Allegation No. 50:**

To the extent the allegations in Paragraph 50 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 50 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 50 of the Amended Complaint.

**Response to Allegation No. 51:**

To the extent the allegations in Paragraph 51 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 51 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 51 of the Amended Complaint.

**Response to Allegation No. 52:**

Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations in the final sentences of Paragraph 52 of the Amended Complaint, and can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 52 of the Amended Complaint.

**Response to Allegation No. 53:**

To the extent the allegations in Paragraph 53 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 53 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 53 of the Amended Complaint.

**Response to Allegation No. 54:**

To the extent the allegations in Paragraph 54 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 54 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 54 of the Amended Complaint.

**Response to Allegation No. 55:**

To the extent the allegations in Paragraph 55 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 55 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 55 of the Amended Complaint.

**Response to Allegation No. 56:**

To the extent the allegations in Paragraph 56 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 56 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 56 of the Amended Complaint refer to filings made by Hazlehurst Wood Pellets, LLC, those filings are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 56 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 56 of the Amended Complaint.

**Response to Allegation No. 57:**

To the extent the allegations in Paragraph 57 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 57 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 57 of the Amended Complaint.

**Response to Allegation No. 58:**

To the extent the allegations in Paragraph 58 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 58 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 58 of the Amended Complaint.

**Response to Allegation No. 59:**

To the extent the allegations in Paragraph 59 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for

themselves.  Defendants deny any allegations in Paragraph 59 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 59 of the Amended Complaint.

**Response to Allegation No. 60:**

To the extent the allegations in Paragraph 60 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 60 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 60 of the Amended Complaint.

**Response to Allegation No. 61:**

To the extent the allegations in Paragraph 61 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 61 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 61 of the Amended Complaint.

**Defendants Mislead Investors Regarding the Highland Plant**

**Response to Allegation No. 62:**

To the extent the allegations in Paragraph 62 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 62 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 62 of the Amended Complaint.

**Response to Allegation No. 63:**

To the extent the allegations in Paragraph 63 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 63 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 63 of the Amended Complaint.

**Response to Allegation No. 64:**

To the extent the allegations in Paragraph 64 of the Amended Complaint describe and/or quote a publicly available article, the article speaks for itself. Defendants deny any allegations in Paragraph 64 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 64 of the Amended Complaint.

**Response to Allegation No. 65:**

To the extent the allegations in Paragraph 65 of the Amended Complaint refer to news coverage of Astec and Astec's public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 65 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 65 of the Amended Complaint.

**Response to Allegation No. 66:**

Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations in Paragraph 66 of the Amended Complaint, and can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 66 of the Amended Complaint.

**Response to Allegation No. 67:**

Defendants admit that Astec entered into a sale and construction contract with Highland Pellets, LLC, which sets forth the terms and conditions applicable to the testing of the Highland plant.  Defendants otherwise deny the allegations in Paragraph 67 of the Amended Complaint.

**Response to Allegation No. 68:**

Defendants admit that Astec entered into a sale and construction contract with Highland Pellets, LLC, which sets forth the terms and conditions applicable to the testing of the Highland plant.  Defendants deny any allegations in Paragraph 68 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 68 of the Amended Complaint.

**Response to Allegation No. 69:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 69 of the Amended Complaint.

**Response to Allegation No. 70:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1 and CW2, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 70 of the Amended Complaint.

**Response to Allegation No. 71:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied.  Defendants otherwise deny the allegations in Paragraph 71 of the Amended Complaint.

**Response to Allegation No. 72:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 72 of the Amended Complaint.

**Response to Allegation No. 73:**

To the extent the allegations in Paragraph 73 of the Amended Complaint refer to Defendants', Hazlehurst Wood Pellets, LLC, and/or Highland Pellets, LLC's public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 73 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 73 of the Amended Complaint.

**Response to Allegation No. 74:**

To the extent the allegations in Paragraph 74 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. To the extent the allegations in Paragraph 74 of the Amended Complaint refer to a publicly available article, the article speaks for itself. Defendants deny any allegations in Paragraph 74 of the Amended Complaint that are inconsistent therewith. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 74 of the Amended Complaint.

**Response to Allegation No. 75:**

Defendants are without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations in the final sentence of Paragraph 75 of the Amended Complaint, and can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 75 of the Amended Complaint.

**Response to Allegation No. 76:**

To the extent the allegations in Paragraph 76 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 76 of the Amended Complaint that are inconsistent therewith. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 76 of the Amended Complaint.

**Response to Allegation No. 77:**

To the extent the allegations in Paragraph 77 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 77 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 77 of the Amended Complaint.

**Response to Allegation No. 78:**

To the extent the allegations in Paragraph 78 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 78 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 78 of the Amended Complaint.

**Response to Allegation No. 79:**

To the extent the allegations in Paragraph 79 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 79 of the Amended Complaint that are

inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 79 of the Amended Complaint.

**Response to Allegation No. 80:**

To the extent the allegations in Paragraph 80 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 80 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 80 of the Amended Complaint.

**Response to Allegation No. 81:**

To the extent the allegations in Paragraph 81 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 81 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 81 of the Amended Complaint.

**Response to Allegation No. 82:**

To the extent the allegations in Paragraph 82 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 82 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 82 of the Amended Complaint.

**Response to Allegation No. 83:**

To the extent the allegations in Paragraph 83 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 83 of the Amended Complaint that are

inconsistent therewith. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 83 of the Amended Complaint.

**Response to Allegation No. 84:**

To the extent the allegations in Paragraph 84 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 84 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 84 of the Amended Complaint.

**Response to Allegation No. 85:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 85 of the Amended Complaint.

**Response to Allegation No. 86:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1 and CW3, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 86 of the Amended Complaint.

**Response to Allegation No. 87:**

Defendants deny the allegations in Paragraph 87 of the Amended Complaint.

**Response to Allegation No. 88:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the position, if any, held by CW1 or the truth of the allegations

concerning statements made, if any, by CW1. Defendants otherwise deny the allegations in Paragraph 88 of the Amended Complaint.

**Response to Allegation No. 89:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the Arkansas Teacher Retirement System board minutes and, therefore, can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 89 of the Amended Complaint.

**Response to Allegation No. 90:**

To the extent Paragraph 90 of the Amended Complaint refers to the Arkansas Teacher Retirement System board minutes, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of those minutes and, therefore, can neither admit nor deny the same. Defendants otherwise deny the allegations in Paragraph 90 of the Amended Complaint.

**Response to Allegation No. 91:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made, if any, by CW1, and, therefore, those allegations are denied. Defendants otherwise deny the allegations in Paragraph 91 of the Amended Complaint.

**Response to Allegation No. 92:**

Defendants admit that the sales by Mr. Brock are reflected in the Form 4s filed with the U.S. Securities and Exchange Commission ("SEC"). Defendants deny any allegations in Paragraph 92 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 92 of the Amended Complaint.

**Response to Allegation No. 93:**

Defendants admit that the sales by Mr. Brock are reflected in the Form 4s filed with the SEC. Defendants deny any allegations in Paragraph 93 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 93 of the Amended Complaint.

**Astec Admits a Material Weakness in its Internal Controls**

**Response to Allegation No. 94:**

To the extent the allegations in Paragraph 94 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 94 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 94 of the Amended Complaint.

**Response to Allegation No. 95:**

To the extent the allegations in Paragraph 95 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 95 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 95 of the Amended Complaint.

**Response to Allegation No. 96:**

To the extent the allegations in Paragraph 96 of the Amended Complaint refer to Defendants' public statements or public filings or KPMG LLP's report, those public statements, public filings, and reports speak for themselves. Defendants deny any allegations in Paragraph 96 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 96 of the Amended Complaint.

**Response to Allegation No. 97:**

To the extent the allegations in Paragraph 97 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 97 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 97 of the Amended Complaint.

**Response to Allegation No. 98:**

To the extent the allegations in Paragraph 98 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 98 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 98 of the Amended Complaint.

**Response to Allegation No. 99:**

To the extent the allegations in Paragraph 99 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 99 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 99 of the Amended Complaint.

**Response to Allegation No. 100:**

To the extent the allegations in Paragraph 100 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 100 of the Amended Complaint that

are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 100 of the Amended Complaint.

**Response to Allegation No. 101:**

To the extent the allegations in Paragraph 101 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 101 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 101 of the Amended Complaint.

**Response to Allegation No. 102:**

To the extent the allegations in Paragraph 102 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 102 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 102 of the Amended Complaint.

**Response to Allegation No. 103:**

To the extent the allegations in Paragraph 103 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 103 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 103 of the Amended Complaint.

**Response to Allegation No. 104:**

Defendants deny the allegations in Paragraph 104 of the Amended Complaint.

**Response to Allegation No. 105:**

To the extent the allegations in Paragraph 105 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 105 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 105 of the Amended Complaint.

**Response to Allegation No. 106:**

To the extent the allegations in Paragraph 106 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 106 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 106 of the Amended Complaint.

**Response to Allegation No. 107:**

Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

**Response to Allegation No. 108:**

To the extent the allegations in Paragraph 108 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 108 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 108 of the Amended Complaint.

**Response to Allegation No. 109:**

Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

**Response to Allegation No. 110:**

To the extent the allegations in Paragraph 110 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 110 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 110 of the Amended Complaint.

**Response to Allegation No. 111:**

To the extent the allegations in Paragraph 111 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 111 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 111 of the Amended Complaint.

**Response to Allegation No. 112:**

To the extent the allegations in Paragraph 112 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 112 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 112 of the Amended Complaint.

**Response to Allegation No. 113:**

To the extent the allegations in Paragraph 113 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 113 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 113 of the Amended Complaint.

**Response to Allegation No. 114:**

To the extent the allegations in Paragraph 114 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 114 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 114 of the Amended Complaint.

**Response to Allegation No. 115:**

To the extent the allegations in Paragraph 115 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 115 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 115 of the Amended Complaint.

**Response to Allegation No. 116:**

Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

**Response to Allegation No. 117:**

To the extent the allegations in Paragraph 117 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 117 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 117 of the Amended Complaint.

**Response to Allegation No. 118:**

To the extent that the allegations in Paragraph 118 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. To the extent the allegations in Paragraph 118 of the Amended Complaint refer to Mr. Swanson's public statements, those

public statements speak for themselves.  Defendants deny any allegations in Paragraph 118 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 118 of the Amended Complaint.

**Response to Allegation No. 119:**

Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

**Response to Allegation No. 120:**

To the extent the allegations in Paragraph 120 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 120 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 120 of the Amended Complaint.

**Response to Allegation No. 121:**

To the extent the allegations in Paragraph 121 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 121 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 121 of the Amended Complaint.

**Response to Allegation No. 122:**

To the extent the allegations in Paragraph 122 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 122 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 122 of the Amended Complaint.

**Response to Allegation No. 123:**

Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

### The Truth Begins to Materialize and Emerge Through Partial Disclosures; Defendants Downplay the Problems and Falsely Reassure Investors

**Response to Allegation No. 124:**

To the extent the allegations in Paragraph 124 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 124 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 124 of the Amended Complaint.

**Response to Allegation No. 125:**

To the extent the allegations in Paragraph 125 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 125 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 125 of the Amended Complaint.

**Response to Allegation No. 126:**

To the extent the allegations in Paragraph 126 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 126 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 126 of the Amended Complaint.

**Response to Allegation No. 127:**

Defendants state that the trading price of Astec's stock is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 127 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 127 of the Amended Complaint.

**Response to Allegation No. 128:**

Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

**Response to Allegation No. 129:**

To the extent the allegations in Paragraph 129 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 129 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 129 of the Amended Complaint.

**Response to Allegation No. 130:**

To the extent the allegations in Paragraph 130 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 130 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 130 of the Amended Complaint.

**Response to Allegation No. 131:**

To the extent the allegations in Paragraph 131 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 131 of the Amended Complaint that

are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 131 of the Amended Complaint.

**Response to Allegation No. 132:**

To the extent the allegations in Paragraph 132 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 132 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 132 of the Amended Complaint.

**Response to Allegation No. 133:**

To the extent the allegations in Paragraph 133 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 133 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 133 of the Amended Complaint.

**Response to Allegation No. 134:**

To the extent the allegations in Paragraph 134 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 134 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 134 of the Amended Complaint.

**Response to Allegation No. 135:**

To the extent the allegations in Paragraph 135 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 135 of the Amended Complaint that

are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 135 of the Amended Complaint.

**Response to Allegation No. 136:**

To the extent the allegations in Paragraph 136 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 136 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 136 of the Amended Complaint.

**Response to Allegation No. 137:**

To the extent the allegations in Paragraph 137 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 137 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 137 of the Amended Complaint.

**Response to Allegation No. 138:**

Defendants state that the trading price of Astec's stock is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 138 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 138 of the Amended Complaint.

**Response to Allegation No. 139:**

Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

**Response to Allegation No. 140:**

To the extent the allegations in Paragraph 140 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for

themselves.  Defendants deny any allegations in Paragraph 140 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 140 of the Amended Complaint.

**Response to Allegation No. 141:**

To the extent the allegations in Paragraph 141 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 141 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 141 of the Amended Complaint.

**Response to Allegation No. 142:**

To the extent the allegations in Paragraph 142 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 142 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 142 of the Amended Complaint.

**Response to Allegation No. 143:**

Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

**Response to Allegation No. 144:**

To the extent the allegations in Paragraph 144 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves.  Defendants deny any allegations in Paragraph 144 of the Amended Complaint that are inconsistent therewith.  Defendants otherwise deny the allegations in Paragraph 144 of the Amended Complaint.

**Response to Allegation No. 145:**

To the extent the allegations in Paragraph 145 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 145 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 145 of the Amended Complaint.

**Response to Allegation No. 146:**

To the extent the allegations in Paragraph 146 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 146 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 146 of the Amended Complaint.

**Response to Allegation No. 147:**

To the extent the allegations in Paragraph 147 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 147 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 147 of the Amended Complaint.

**Response to Allegation No. 148:**

To the extent the allegations in Paragraph 148 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 148 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 148 of the Amended Complaint.

**Response to Allegation No. 149:**

To the extent the allegations in Paragraph 149 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 149 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 149 of the Amended Complaint.

**Response to Allegation No. 150:**

To the extent the allegations in Paragraph 150 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 150 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 150 of the Amended Complaint.

**Response to Allegation No. 151:**

Defendants deny the allegations in Paragraph 151 of the Amended Complaint.

**Response to Allegation No. 152:**

To the extent the allegations in Paragraph 152 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 152 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 152 of the Amended Complaint.

**Response to Allegation No. 153:**

To the extent the allegations in Paragraph 153 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 153 of the Amended Complaint that

are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 153 of the Amended Complaint.

### Response to Allegation No. 154:

To the extent the allegations in Paragraph 154 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 154 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 154 of the Amended Complaint.

### Response to Allegation No. 155:

To the extent the allegations in Paragraph 155 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 155 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 155 of the Amended Complaint.

### Response to Allegation No. 156:

Defendants state that the trading price and volume of Astec's stock are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 156 of the Amended Complaint that are inconsistent therewith. To the extent Paragraph 156 of the Amended Complaint describes and/or quotes analyst coverage of Astec, that analyst coverage is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 156 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 156 of the Amended Complaint.

**Response to Allegation No. 157:**

To the extent the allegations in Paragraph 157 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 157 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 157 of the Amended Complaint.

**Response to Allegation No. 158:**

Defendants deny the allegations in Paragraph 158 of the Amended Complaint.

## Defendants Finally Disclose the Truth

**Response to Allegation No. 159:**

To the extent the allegations in Paragraph 159 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 159 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 159 of the Amended Complaint.

**Response to Allegation No. 160:**

To the extent Paragraph 160 of the Amended Complaint describes and/or quotes analyst coverage of Astec, that analyst coverage is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 160 of the Amended Complaint that are inconsistent therewith. To the extent the allegations in Paragraph 160 of the Amended Complaint refer to Defendants' public statements or public filings, those public statements or public filings speak for themselves. Defendants deny any allegations in Paragraph 160 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 160 of the Amended Complaint.

**Response to Allegation No. 161:**

Defendants state that the trading price and volume of Astec's stock are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 161 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 161 of the Amended Complaint.

## ADDITIONAL ALLEGATIONS OF SCIENTER

**Response to Allegation No. 162:**

Defendants admit that Mr. Brock was on the Astec Board of Directors from April 2013 – January 2019. To the extent the allegations in Paragraph 162 of the Amended Complaint refer to Astec's corporate governance guidelines, those guidelines are a matter of public record and speak for themselves. Defendants deny any allegations in Paragraph 162 of the Amended Complaint that are inconsistent therewith. Defendants otherwise deny the allegations in Paragraph 162 of the Amended Complaint.

**Response to Allegation No. 163:**

Defendants deny the allegations in Paragraph 163 of the Amended Complaint.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

**Response to Allegation No. 164:**

To the extent the allegations in Paragraph 164 call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 164 of the Amended Complaint.

**Response to Allegation No. 165:**

Defendants admit the common stock of Astec was traded on the NASDAQ in the timeframe alleged. Defendants further state that the historical trading volume of Astec's stock is a matter of public record and speaks for itself. To the extent the allegations in Paragraph 165 call for a legal

conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 165 of the Amended Complaint.

**Response to Allegation No. 166:**

To the extent the allegations in Paragraph 166 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 166 of the Amended Complaint.

**Response to Allegation No. 167:**

To the extent the allegations in Paragraph 167 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 167 of the Amended Complaint.

**Response to Allegation No. 168:**

To the extent the allegations in Paragraph 168 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 168 of the Amended Complaint.

**Response to Allegation No. 169:**

To the extent the allegations in Paragraph 169 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 169 of the Amended Complaint.

**Response to Allegation No. 170:**

To the extent the allegations in Paragraph 170 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied.  Defendants otherwise deny the allegations contained in Paragraph 170 of the Amended Complaint.

**Response to Allegation No. 171:**

To the extent the allegations in Paragraph 171 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 171 of the Amended Complaint.

**Response to Allegation No. 172:**

To the extent the allegations in Paragraph 172 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 172 of the Amended Complaint.

## COUNT I

### Violations of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

**Response to Allegation No. 173:**

Defendants incorporate each and every prior Answer to the allegations contained in Paragraphs 1 through and including 173 of the Amended Complaint as if fully set forth herein.

**Response to Allegation No. 174:**

Defendants admit that the Amended Complaint attempts to pursue claims pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. To the extent the allegations in Paragraph 174 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 174 of the Amended Complaint.

**Response to Allegation No. 175:**

Defendants deny the allegations contained in Paragraph 175 of the Amended Complaint.

**Response to Allegation No. 176:**

Defendants deny the allegations contained in Paragraph 176 of the Amended Complaint.

**Response to Allegation No. 177:**

Defendants deny the allegations contained in Paragraph 177 of the Amended Complaint.

**Response to Allegation No. 178:**

Defendants deny the allegations contained in Paragraph 178 of the Amended Complaint.

**Response to Allegation No. 179:**

To the extent that the allegations in Paragraph 179 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. Defendants otherwise deny the allegations contained in Paragraph 179 of the Amended Complaint.

**Response to Allegation No. 180:**

To the extent that the allegations in Paragraph 180 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. Defendants otherwise deny the allegations contained in Paragraph 180 of the Amended Complaint.

**Response to Allegation No. 181:**

To the extent the allegations in Paragraph 181 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 181 of the Amended Complaint.

**Response to Allegation No. 182:**

Defendants deny the allegations contained in Paragraph 182 of the Amended Complaint.

**Response to Allegation No. 183:**

Defendants deny the allegations contained in Paragraph 183 of the Amended Complaint.

<div align="center">**COUNT II**</div>

<div align="center">**Violations of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**</div>

**Response to Allegation No. 184:**

Defendants incorporate each and every prior Answer to the allegations contained in Paragraphs 1 through and including 183 of the Amended Complaint as if fully set forth herein.

**Response to Allegation No. 185:**

To the extent that the allegations in Paragraph 185 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. Defendants otherwise deny the allegations contained in Paragraph 185 of the Amended Complaint.

**Response to Allegation No. 186:**

To the extent that the allegations in Paragraph 186 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. To the extent the allegations in Paragraph 186 of the Amended Complaint call for a legal conclusion, no response is required and those are, therefore, denied. Defendants otherwise deny the allegations contained in Paragraph 186 of the Amended Complaint.

**Response to Allegation No. 187:**

To the extent that the allegations in Paragraph 187 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. Defendants otherwise deny the allegations contained in Paragraph 187 of the Amended Complaint.

**Response to Allegation No. 188:**

To the extent that the allegations in Paragraph 188 of the Amended Complaint relate to parties that have been dismissed by the Court, no response is required. Defendants otherwise deny the allegations contained in Paragraph 188 of the Amended Complaint.

**Response to Allegation No. 189:**

Defendants deny the allegations contained in Paragraph 189 of the Amended Complaint.

## SECOND DEFENSE

Defendants deny each and every allegation contained in the Amended Complaint that is not expressly admitted herein.

## THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants acted in good faith at all times, including (without limitation) relying and acting in good faith upon the corporate records of and on the information, opinions, and statements of corporate officers and employees, and/or professionals and experts hired by Astec, and because Defendants did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

## FOURTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements, as well as Plaintiff's inability to prove any such facts.

## FIFTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the doctrines of assumption of the risk, contributory negligence, unclean hands, estoppel, laches, waiver, acquiescence, ratification, res judicata and/or the applicable statute of limitations.

## SIXTH DEFENSE

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

<h2 style="text-align:center">**SEVENTH DEFENSE**</h2>

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

<h2 style="text-align:center">**EIGHTH DEFENSE**</h2>

The Amended Complaint fails to state a claim against Defendants based upon "fraud on the market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Astec stock.

<h2 style="text-align:center">**NINTH DEFENSE**</h2>

The Amended Complaint fails to state a claim against Defendants based upon "fraud on the market" principles for Plaintiff or any putative class member that did trade shares between the time the misrepresentations were made and the time the alleged truth was revealed.

<h2 style="text-align:center">**TENTH DEFENSE**</h2>

To the extent Plaintiff's purported claims and those of the putative class are based upon or relate to forward-looking statements and were accompanied by meaningful cautionary language or no actual knowledge of the falsity of those statements, those claims are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Private Securities Litigation Reform Act of 1995.

<h2 style="text-align:center">**ELEVENTH DEFENSE**</h2>

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

<h1 style="text-align:center">**TWELVETH DEFENSE**</h1>

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury (*i.e.*, loss causation).

<h1 style="text-align:center">**THIRTEENTH DEFENSE**</h1>

Plaintiff's purported claims and those of the putative class are barred because they are the result of intervening and superseding causes over which Defendants had no control and for which Defendants are not liable.

<h1 style="text-align:center">**FOURTEENTH DEFENSE**</h1>

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on public statements not attributable to particular Defendants.

<h1 style="text-align:center">**FIFTEENTH DEFENSE**</h1>

Plaintiff's purported claims and those of the putative class are barred because Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as fraud or deceit in connection with the purchase or sales of securities.

<h1 style="text-align:center">**SIXTEENTH DEFENSE**</h1>

This action, in part or in whole, is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

<h1 style="text-align:center">**SEVENTEENTH DEFENSE**</h1>

Plaintiff's purported claims and those of the purported class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## EIGHTEENTH DEFENSE

Plaintiff cannot meet its burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), and (2) that the alleged controlling person controlled both: (a) the general affairs of the primary violator and (b) the specific corporate policy that resulted in the primary violation.

## NINETEENTH DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees in this action.

## TWENTIETH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to certain alleged misrepresentations or omissions.

## TWENTY-FIRST DEFENSE

Plaintiff's purported claims and those of the putative class are inactionable under the *Santa Fe* doctrine.

## TWENTY-SECOND DEFENSE

Additional facts that are currently unknown to Defendants may be revealed through the course of discovery and further investigation may support additional defenses, and therefore Defendants reserve the right to assert such defenses in the future.

WHEREFORE, having fully answered the allegations in the Amended Complaint, Defendants respectfully request that an award be entered in their favor and against Plaintiff as to all claims in the Amended Complaint, and that Defendants be awarded such other or further relief as the Court may deem just and proper.

This 11th day of July, 2022.

<div style="margin-left:auto">

**ALSTON & BIRD**

*/s/ John A. Jordak, Jr.*

John A. Jordak, Jr. *(admitted pro hac vice)*
john.jordak@alston.com
Elizabeth Gingold Clark *(admitted pro hac vice)*
elizabeth.clark@alston.com
Courtney E. Quirós *(admitted pro hac vice)*
courtney.quiros@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

Richard W. Bethea
rbethea@chamblisslaw.com
John G. Jackson
jjackson@chamblisslaw.com
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000

*Attorneys for Defendants Astec Industries, Inc. and Benjamin G. Brock*

</div>

- 49 -

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing **DEFENDANTS'**

**ANSWER TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system,

which will automatically send notification of such filing upon all Counsel of Record.


**ALSTON & BIRD**

By:  */s/ John A. Jordak, Jr.*
John A. Jordak, Jr. (*admitted pro hac vice*)
Georgia Bar Number 404250