# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

CITY OF TAYLOR GENERAL
EMPLOYEES RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiff,

vs.

ASTEC INDUSTRIES, INC., BENJAMIN G.
BROCK and DAVID C. SILVIOUS,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:19-cv-00024-CEA-CHS

CLASS ACTION

Judge Charles E. Atchley

Magistrate Judge Christopher H. Steger

## JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

Plaintiff Lynn Johnson ("Plaintiff") and Defendants Astec Industries, Inc. and Mr. Benjamin G. Brock (collectively with Plaintiff, the "Parties"), by and through counsel, hereby submit this Joint Motion for Stipulated Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties believe that the entry of the attached Stipulated Protective Order will facilitate discovery and help protect against unnecessary disclosure of confidential materials, such as trade secrets or competitively sensitive commercial information related to the pellet plant projects that are identified in the Amended Complaint [Dkt. No. 56], or personal information relating to Plaintiff.

The Parties' Stipulated Protective Order is attached hereto as **Exhibit 1**.

1

Dated: February 9, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Daniel Tyre-Karp*
Phillip Kim (*pro hac vice)*
Daniel Tyre-Karp (*pro hac vice*)
Brent J. LaPointe
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: dtyrekarp@rosenlegal.com
Email: blapointe@rosenlegal.com

**BRAMLETT LAW OFFICES**

Paul Kent Bramlett #7387
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215-0734
Telephone: 615-248-2828
Fax: 866-816-4116
Email: PKNASHLAW@AOL.COM

*Attorneys for Lead Plaintiff Lynn Johnson*

**ALSTON & BIRD**

*/s/ Elizabeth Gingold Clark*
John A. Jordak, Jr. (*pro hac vice*)
Elizabeth Gingold Clark (*pro hac vice*)
Courtney Quirós (*pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Email: john.jordak@alston.com
Email: elizabeth.clark@alston.com
Email: courtney.quiros@alston.com

**CHAMBLISS, BAHNER &
STOPHEL, P.C.**

Richard W. Bethea
John G. Jackson
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000
Email: rbethea@chamblisslaw.com
Email: jjackson@chamblisslaw.com

*Attorneys for Defendants Astec
Industries, Inc. and Benjamin G. Brock*

## [PROPOSED] ORDER

Upon consideration, and for good cause shown, the Joint Motion for Stipulated Protective

Order is **GRANTED**.  IT IS SO ORDERED this ___day of            , 2023.

_____

Honorable Charles E. Atchley

# Exhibit 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:19-cv-00024-CEA-CHS |
| | ) ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) ) ) ) | Judge Charles E. Atchley Magistrate Judge Christopher H. Steger |
| Defendants. | | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2, the Parties, by counsel, have stipulated to entry of this protective order, with the Court's approval, to govern the treatment of all documents, writings and things, electronically stored information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery or disclosed information produced by the Parties in the above-captioned matter.

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of information that constitutes, in whole or in part, sensitive personal information, trade secrets, and proprietary or competitively-sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties further acknowledge, as set forth in Section XII(3) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 6] set forth the procedures that must be

1

followed and the standards that will be applied if and when Plaintiff or Defendants seek permission from the Court to file material under seal.

## II. DEFINITIONS

1. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2. <u>Confidential Discovery Material</u>: Any Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to Paragraph V.1 hereto.

3. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

4. <u>Designating Party</u>: Any Producing Party that designates Discovery Material as "Confidential" or "Highly Confidential" in accordance with the terms of this Stipulated Protective Order.

5. <u>Discovery Material</u>: Any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, or responses to requests for admissions, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner in which it is or was generated, stored, or maintained.

6. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and his/her support staff or other associated personnel.

7. <u>Highly Confidential Discovery Material</u>: Any Discovery Material designated as "Highly Confidential" pursuant to Paragraph V.2 hereto.

2

8.      In-House Counsel: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

9.      Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action that is also a Designating Party.

10.     Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

11.     Party: Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

12.     Producing Party: A Party or Non-Party that produces Discovery Material in this action.

13.     Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.     Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

15.     Receiving Party: A Party that receives Discovery Material from a Producing Party.

## III.    SCOPE OF PROTECTED INFORMATION

The protections conferred by this Stipulated Protective Order apply to Protected Material (as defined above) and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not apply to the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who, to the knowledge of the Receiving Party, obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.     DESIGNATING PROTECTED MATERIAL

1.      <u>Confidential Designations</u>: Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery Material contains or reflects information (regardless of how it is generated, stored or maintained) or tangible things that are prohibited from disclosure by statute or qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, information or tangible things that constitute trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, or other information prohibited from disclosure under applicable federal, state, or foreign data protection laws, including, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information), the Health Insurance Portability and Accountability Act (HIPAA) and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information), and the General Data Protection Regulation (GDPR), 2016/679 of the European Parliament and of the Council of 27 April 2016, and repealing Directive 95/46/EC (EU personal data). Any documents or information containing or revealing Confidential Discovery Material shall also be considered "Confidential." Discovery Material shall not be

4

considered "Confidential" or "Highly Confidential" if it is publicly available. For the avoidance of doubt, any Discovery Material designated as "Confidential" or "Highly Confidential" under this Order may be confidentially produced in any other litigation or proceeding, and such production shall have no effect on the designation of such Discovery Material in this Action.

2.    Highly Confidential Designations: Plaintiff may designate as Highly Confidential any documents containing material that it reasonably and in good faith believes contains information identifying the confidential witnesses referenced in the Amended Complaint (ECF No. 56) ("Confidential Witness(es)") as such Confidential Witnesses.[1] Any documents or information containing or revealing Highly Confidential Discovery Material shall also be considered "Highly Confidential." Discovery Material shall not be considered "Highly Confidential" if it is publicly available. For the avoidance of doubt, any Discovery Material designated as "Highly Confidential" under this Order may be produced confidentially in any other litigation or proceeding, and such production shall have no effect on the of the designation of such Discovery Material in this Action.

3.    Derivative Information: All information derived from Protected Material, including but not limited to extracts, summaries, compilations and descriptions of such material, and notes, electronic images or databases containing Protected Material, shall be treated as "Confidential" or "Highly Confidential," as applicable, in accordance with the provisions of this Stipulated Protective Order to the same extent as the Discovery Material or information from which such extract, summary, compilation, description, note, electronic image, or database is made or derived.

4.    Exercise of Reasonable Efforts in Designating Material for Protection. Each Producing Party that designates Discovery Material as "Confidential" or "Highly Confidential"

---

[1] For the avoidance of doubt, nothing in this Order is an admission that the name or identity of any Confidential Witness is entitled to Highly Confidential treatment for the duration of the action. The parties reserve all rights to challenge the appropriateness of any confidentiality designation as set forth in this Stipulated Protective Order.

5

pursuant to this Stipulated Protective Order will make reasonable efforts to limit any such designation to specific material that qualifies under the appropriate standards, where reasonably feasible and commercially appropriate. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5. <u>Manner and Timing of Designations</u>. Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party place or affix the legend "Confidential" or "Highly Confidential" to each page that contains Protected Material in a manner which will not interfere with the legibility of the document. In the case of ESI produced in native format, the Producing Party shall include the word 'Confidential" or "Highly Confidential" in the file or directory name or in a metadata field of a database load file. The Producing Party shall also affix the legend "Confidential" or "Highly Confidential" to the media containing the confidential ESI.

(b) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party

<span style="text-align:center;display:block">6</span>

must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material.

(c)	Parties or testifying persons or entities may designate all or portions of depositions and other pre-trial testimony "Confidential" or "Highly Confidential" by counsel indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. All depositions shall be treated in their entirety as confidential for a period of thirty (30) days after receipt of the transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulated Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the court reporter shall be informed of this Stipulated Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

(d)	For information produced in some form other than documentary and for any other tangible items, that the Producing Party place or affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential." If only a portion or portions of the information or item(s) warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     For information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "Confidential" or "Highly Confidential" in the answer or response.

6.     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Discovery Material "Confidential" or "Highly Confidential" does not waive or alter the Designating Party's right to secure protection under this Stipulated Protective Order for such material provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the Discovery Material was not properly designated. Such Discovery Material shall be subject to this Stipulated Protective Order as if it had been initially so designated. Treatment of inadvertently produced "Confidential" or "Highly Confidential" material in a manner inconsistent with this Stipulated Protective Order prior to notice of such inadvertent production is not a breach of this Stipulated Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Discovery Material.

## V.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by not asserting a challenge promptly after the original designation is disclosed.

2.      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each specific document (by Bates number) that it is challenging and describing the basis for the challenge as to each document. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and shall begin the process by conferring by telephone or in person within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was improper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.      Judicial Intervention. If the Parties and/or any Non-Party cannot resolve a challenge without court intervention, the Parties and/or Non-Party shall electronically file a joint motion outlining their respective positions on each of the discovery items in dispute so the issue may be resolved quickly per Judge Atchley's Judicial Preferences No. 11.

4.      Burden of Persuasion. The burden of persuasion in any such challenge proceeding is as provided by applicable law. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules that the Discovery Material should no longer be designated "Confidential" or "Highly Confidential", or the party who designated the documents withdraws such designation in writing.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

1.     <u>Disclosure of "Confidential" Discovery Material</u>. Where a Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers (including reinsurers), and counsel to their insurers,

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(g)     any person a Party retains to serve as an expert witness or otherwise

10

provide specialized advice to counsel in connection with this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

2. <u>Disclosure of "Highly Confidential" Discovery Material</u>. Where a Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) Defendants' insurers (including reinsurers) and counsel to their insurers, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(c) any current or former Astec employee or officer necessary to assist in the litigation, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(d) any mediator or arbitrator that the Parties engage in this matter or that this

Court appoints, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(f)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound");

(g)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h)   this Court, including any appellate court, its support personnel, and court reporters.

## VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.   If a Party having possession, custody or control of any Protected Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Protected Material, but excluding requests made in connection with an inquiry by a non-regulatory authority, that Party

12

must, to the extent permissible by applicable law and the rules and requirements of any relevant regulatory authority:

(a) promptly, and, in any event, within five (5) business days of such request, notify in writing the Designating Party;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## VIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1. The terms of this Stipulated Protective Order also are applicable to information produced and designated as "Confidential" or "Highly Confidential" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13

2.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

3.  If the Non-Party consents to production of the requested information within fourteen (14) days of receiving the notice and accompanying information or fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its custody, possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

4.  For the avoidance of doubt, the provisions of Section IX do not prevent all Parties from promptly providing all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL OR ATTORNEY WORK-PRODUCT

1. The parties agree that this Stipulated Protective Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence, and thus, if information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other applicable privilege for withholding production. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of such privileges or protections shall apply to this action (including any appeal of this action), as well as to any other federal or state proceeding. Upon becoming aware of its inadvertent production of protected materials (hereinafter referred to as the "Identified Materials"), the Producing Party must promptly notify the Receiving Party of the Identified Materials and its intention to claw back those Identified Materials as soon as practical after the Producing Party first becomes aware of the Identified Materials.

2. If the Producing Party notifies the Receiving Party of the production of Identified Materials as provided in Section X (1) hereof, the Identified Materials and all copies of those

15

materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party within five (5) business days.

3.      The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

4.      The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

5.      If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

6.      The stipulated agreement set forth in this Section does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

7.      In the event of a dispute as to the Producing Party's claim of privilege, the Receiving Party shall first meet and confer with the Producing Party in an effort to resolve the disagreement. If the Parties are unable to resolve their disagreement within thirty (30) days, the Receiving Party may present the Privileged Material to the Court under seal for a determination of

the claim. Nothing in this Section will modify any obligation a Party otherwise has with respect to production of Privileged Material under the law or applicable ethical rules.

8. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production in this action, unless the Producing Party knowingly fails to promptly notify the Receiving Party of the Identified Materials as provided in Section X(1) hereof.

## XI. FINAL DISPOSITION

The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Action, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Protected Material shall make reasonable efforts to identify and destroy all such Protected Material, including all copies thereof and material derived therefrom, or upon request of the Producing Party, return such materials to the Producing Party or their counsel. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding anything to the contrary in this Stipulated Protective Order, Outside counsel for the Parties shall be entitled to retain copies of all pleadings, court papers, transcripts, correspondence, exhibits, memoranda, attorney work product and expert or consultant work product, regardless of whether such materials contain, reference or constitute Protected Material, provided that such outside counsel shall maintain the confidentiality thereof pursuant to the terms of this Stipulated Protective Order.

## XII.    MISCELLANEOUS

1.    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

3.    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 6] and with Local Rule 26.2.

4.    <u>Survival</u>. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Protected Material is produced or disclosed.

5.    <u>Continuing Jurisdiction</u>. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

The undersigned hereby approve and consent to the form and entry of the Stipulated Protective Order subject to the Court's approval of same.

DATED: February 9, 2023

**THE ROSEN LAW FIRM P.A.**

*/s/ Daniel Tyre-Karp* _____
Phillip Kim (*pro hac vice*)
pkim@rosenlegal.com
Daniel Tyre-Karp (*pro hac vice*)
dtyrekarp@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060

**BRAMLETT LAW OFFICES**

Paul Kent Bramlett
pknashlaw@aol.com
Robert Preston Bramlett
Robert@bramlettlawoffices.com
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, Tennessee 37215-0734
Telephone: (615) 248-2828

*Attorneys for Lead Plaintiff Lynn Johnson*

**ALSTON & BIRD**

*/s/Elizabeth Gingold Clark* _____
John A. Jordak, Jr. *(pro hac vice)*
john.jordak@alston.com
Elizabeth Gingold Clark *(pro hac vice)*
elizabeth.clark@alston.com
Courtney E. Quirós *(pro hac vice)*
courtney.quiros@alston.com
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

John G. Jackson
jjackson@chamblisslaw.com
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000

*Attorneys for Defendants Astec Industries, Inc., and Benjamin G. Brock*

19

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:19-cv-00024-CEA-CHS |
| | ) ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | Judge Charles E. Atchley |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| Defendants. | | |

**ACKNOWLEDGEMENT OF UNDERSTANDING AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order dated [Order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Tennessee in matters relating to the Stipulated Protective Order and understands that the terms of said Order obligate him/her to use disclosure or discovery material designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name:          [undersigned name]

Job Title:     [Job Title]

Employer:      [Employer]

Business Address:      [Business Address]

Date:  **[date attachment A signed]**                    [Signature [attachment A]]
                                                          Signature