| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 1:19-cv-00024-CEA-CHS |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Charles E. Atchley |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) ) ) | Magistrate Judge Christopher H. Steger |
| Defendants. | | |

## JOINT MOTION TO MODIFY THE SCHEDULING ORDER

Lead Plaintiff Lynn Johnson ("Lead Plaintiff") and Defendants Astec Industries, Inc. ("Astec") and Benjamin G. Brock (collectively "Defendants;" and together with Lead Plaintiff, the "Parties"), respectfully move the Court to modify the current scheduling order (the "Scheduling Order"), entered by the Court on December 12, 2023, setting forth certain case deadlines. [Doc. No. 101]. The Parties submit that good cause exists for the Court to amend the Scheduling Order in the manner requested in this joint motion. In support of this joint motion, the Parties submit:

1. On July 1, 2022, this Court entered the Initial Scheduling Order governing discovery in this action. [Doc. No. 92].

2. Promptly following the entry of this Initial Scheduling Order, the Parties began engaging in extensive good faith negotiations regarding the scope of document discovery.

3. Since the entry of the Initial Scheduling Order, the Parties have exchanged dozens of letters and electronic correspondence and have conducted numerous meet and confers regarding issues related to discovery. These negotiations and related document productions are ongoing.

1

4. On December 12, 2023, this Court entered a Modified Scheduling Order which set forth specific deadlines related to Lead Plaintiff's motion for class certification and related briefing. [Doc. No. 101]. Opening and response briefs related to class certification have been filed, and Lead Plaintiff's reply brief in further support of its motion is due on February 12. [*Id.*] The Parties have engaged in discovery related to class certification, including depositions.

5. In addition to class certification briefing and discovery, fact discovery is still ongoing. Lead Plaintiff has served several nonparties with subpoenas for the production of documents, and expects further production of documents related to the same. For example, Lead Plaintiff filed a Motion to Compel document productions by third-party Fram Renewable Fuels, LLC in federal court in the Southern District of Georgia. Just last week, on January 23, 2024, United States Magistrate Judge Benjamin W. Cheesbro granted Plaintiff's Motion to Compel further documents production by nonparty Fram Renewable Fuels, LLC. *See City of Taylor Gen. Emps. Ret. Sys. v. Fram Renewable Fuels, LLC*, No. 2:23-mc-1 (S.D.G.A. Jan. 23, 2024) (Southern District of Georgia January 23, 2024 Order Granting Plaintiff's Motion to Compel.). Therefore, the Parties anticipate further document productions by nonparties.

6. In addition, while Defendants have produced over 40,000 documents in response to Lead Plaintiff's requests for production, the Parties anticipate additional productions according to extensive and protracted negotiations to date.

7. Lead Plaintiff intends to take up to 10 fact witness depositions in this matter. To avoid the potential of having to re-depose witnesses upon the completion of document discovery, Lead Plaintiff has not yet taken merits depositions. Under the current Scheduling Order, all discovery is due to be completed by April 9, 2024. [Scheduling Order § 4(d)].

2

8. The current Scheduling Order states that Lead Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before January 30, 2024, and that Defendants shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before February 27, 2024. [Scheduling Order § 4(b)].

9. The Parties do not believe it would be productive to proceed with expert discovery until after the completion of fact discovery. *See, e.g., Jason v. Progressive Logistics Servs.*, 2006 U.S. Dist. LEXIS 113374, *3-4 (E.D. Tenn. 2006) (granting motion to extend the deadline of expert disclosures where party's expert witness needed additional time to review documents produced late in discovery). Expert reports in securities fraud class actions, such as this one, routinely rely upon information produced during fact discovery. *C.f. Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18 CIV. 2268 (AT), 2023 WL 2535175, at *6 (S.D.N.Y. Mar. 16, 2023) (holding the plaintiff's expert cannot be expected "to identify potential confounding factors and provide an explanation for addressing them . . . before discovery has even revealed what those confounding factors may be") (citing *Martinek v. AmTrust Fin. Servs., Inc.*, 2022 WL 326320, at *19 (S.D.N.Y. Feb. 3, 2022)).

10. The Parties respectfully request that the Court enter the proposed modified scheduling order attached hereto, which (i) establishes deadlines for the substantial completion of document discovery and for completion of fact discovery, which are based on the Parties' collective understanding of the time required to complete fact discovery; (ii) amends the deadlines for expert discovery so that they occur after the completion of fact discovery; and (iii) amends the deadline for dispositive motions and the pre-trial and trial-related dates to accommodate the amended expert discovery deadlines.

11. Counsel for the Parties represent that they are seeking this request for good cause and not for purposes of undue delay.

12. Counsel for the Parties would be glad to appear before the Court, either in person or by conference call, to discuss this motion and any related matters the Court wishes to address.

WHEREFORE, the Parties jointly move that the current Scheduling Order be amended as set forth in the proposed order which is attached.

Respectfully submitted, this 29th day of January, 2024.


**THE ROSEN LAW FIRM P.A.**

*/s/ Phillip Kim*
Phillip Kim (*admitted pro hac vice*)
pkim@rosenlegal.com
Daniel Tyre-Karp (*admitted pro hac vice*)
dtyrekarp@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060

**BRAMLETT LAW OFFICES**

Paul Kent Bramlett
pknashlaw@aol.com
Robert Preston Bramlett
robert@bramlettlawoffices.com
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, Tennessee 37215-0734
Telephone: (615) 248-2828

*Attorneys for Lead Plaintiff Lynn Johnson*

**ALSTON & BIRD**

*/s/ Elizabeth Gingold Clark*
Elizabeth Gingold Clark (*admitted pro hac vice*)
elizabeth.clark@alston.com
John A. Jordak, Jr. (*admitted pro hac vice*)
john.jordak@alston.com
Courtney E. Quirós (*admitted pro hac vice*)
courtney.quiros@alston.com
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

John G. Jackson
jjackson@chamblisslaw.com
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000

*Attorneys for Defendants Astec Industries, Inc. and Benjamin G. Brock*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon all Counsel of Record.

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Phillip Kim*
Phillip Kim (admitted *pro hac vice*)