| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:19-cv-00024-CEA-CHS |
| | ) ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) | Judge Charles E. Atchley |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK and DAVID C. SILVIOUS, | ) ) ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| Defendants. | | |

## [PROPOSED] ORDER

Before the Court is the parties' Joint Motion to Modify the Scheduling Order [Doc. No. 107], requesting that the Scheduling Order be amended to (i) establish deadlines for the substantial completion of document discovery and for completion of fact discovery; (ii) amend the deadlines for expert discovery so that they occur after the completion of fact discovery; and (iii) amend the deadline for dispositive motions and the pre-trial and trial related dates to accommodate the amended expert discovery deadlines.

Upon the Court's review of the parties' Joint Motion, the Court, for good cause shown and upon the request and agreement of the parties, **GRANTS** the parties' Joint Motion. Accordingly, it is hereby **ORDERED** that the Scheduling Order be and hereby is amended to read as follows:

1. *Introduction*:

    (a) On February 1, 2019, Lead Plaintiff Lynn Johnson ("Lead Plaintiff") filed a Complaint for Violations of the Federal Securities Laws against Defendants and David Silvious [Doc. No. 1];

(b) On June 26, 2019, the Court entered an Order appointing Lynn Johnson as Lead Plaintiff and The Rosen Firm as Lead Counsel for the putative class [Doc. No. 53];

(c) On August 26, 2019, Lead Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") against Defendants, Mr. Silvious, and Malcom Swanson [Doc. No. 56];

(d) On October 25, 2019, Defendants moved to dismiss the Amended Complaint, which motion was fully briefed by the Parties. [Doc. Nos. 63, 66, 74];

(e) On February 19, 2021, the Court granted Defendants' motion to dismiss [Doc. No. 79] and entered Judgment dismissing all claims against Defendants and Messrs. Swanson and Silvious with prejudice (the "Judgment") [Doc. No. 80];

(f) On March 19, 2021, Lead Plaintiff filed a Motion to Alter or Amend the Judgment and for Leave to File the Proposed Amended Complaint (the "Motion for Reconsideration and Leave to Amend") [Doc. No. 81, 82, 84];

(g) On May 5, 2021, the Court denied Plaintiff's Motion for Reconsideration and Leave to Amend [Doc. No. 85];

(h) On June 4, 2021, Lead Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") [Doc. No. 86];

(i) On March 31, 2022, the Sixth Circuit issued an Opinion and Judgment affirming the Court's dismissal of Messrs. Swanson and Silvious, and reversing the Court's dismissal of Astec and Mr. Brock. The Opinion and Judgment stated this action was remanded for "proceedings consistent with this opinion" [Doc. No. 89];

(j) On April 22, 2022, the Sixth Circuit filed the Mandate Letter returning the case to this Court [Doc. No. 90];

(k) On May 13, 2022, the parties participated in a telephonic meet and confer to discuss the case schedule;

(l) Accordingly, on June 9, 2022, the parties requested a scheduling conference with the Court, including to set a deadline for Defendants to Answer the Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference was held in this case on June 22, 2022.

2. _**Jurisdiction**_: In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1331 and is not in dispute.

3. ***Consent to a Magistrate Judge***: The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

4. ***Settlement / Alternative Dispute Resolution***: The parties **shall discuss** the possibility of utilizing the Federal Court Mediation Program in this case. If the parties believe the Federal Court Mediation Program can aid in resolving the case, information is available on the Court's website and can be requested in writing from the Division Manager, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402.

5. ***Disclosure and Discovery***:

   (a) ***Answer***: Defendants shall Answer the Amended Complaint on or before **July 11, 2022**.

   (b) ***Discovery Plan***: The parties have not held a discovery planning meeting and submitted a discovery plan as required by Rule 26(f).

   (c) ***Initial Disclosures***: The parties will make all disclosures required by Rule 26(a)(1) on or before **July 8, 2022**.

   (d) ***Fact Discovery***: The parties' document productions shall be substantially completed on or before **April 15, 2024,** and fact discovery shall be completed on or before **June 14, 2024**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

   **(e) *Expert Testimony***: Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **July 15, 2024**. Defendant shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **August 12, 2024**. The parties shall disclose rebuttal testimony within thirty days after the other party's disclosure. *See* Section 6(c), below, regarding expert-related motions.

   (e) ***Final Witness List***: On or before **August 26, 2024**, the parties shall provide to all other parties and file with the court a final witness list in accordance with Rule 26(a)(3)(A)(i). Within five days after service, the final witness list may be supplemented. After that time the list may be supplemented with leave of the Court and for good cause.

   (f) ***All Discovery***: Expert discovery shall be completed by **September 23, 2024**.

   (g) ***Pretrial Disclosures***: On or before **December 16, 2024**, the parties shall make the pretrial disclosures specified in Federal Rule of Civil Procedure

26(a)(3)(A)(ii) and (iii). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

6. ***Other Scheduling Matters***:

   (a) ***Class Certification Briefing***:   Plaintiff shall file any motion for class certification on or before **December 8, 2023**. Defendants shall file their response in opposition to the motion for class certification on or before **January 12, 2024.** Plaintiff shall file any reply brief in further support of his motion for class certification on or before **February 12, 2024.**

   (b) ***Amendment of Pleadings***: If any party wishes to join one or more additional parties or amend its pleadings, a motion for joinder or for leave to amend shall be filed on or before **July 15, 2024**.

   (c) ***Dispositive Motions***: All dispositive motions under Rule 12 and all motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than **October 21, 2024**. The failure to timely file such motions will be grounds to summarily deny them. *Absent extraordinary circumstances, the dispositive motion deadline will not be extended*.

   Judge Atchley prefers not to receive statements of undisputed material facts and will disregard any such statement unless it is (i) jointly filed, (ii) contains no argument, and (iii) sets forth facts rather than the parties' positions. If a "response" is filed, the Court will construe the statement as not jointly filed and disregard it.

   (d) **Daubert** ***Motions***: All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than **October 21, 2024**.

   (e) ***Motions in Limine***: Any motions in limine must be filed no later than **December 20, 2024**. The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the *Daubert* motion deadline set forth in Section 6(c).

   (f) ***Special Requests to Instruct for Jury Trial***: Pursuant to Local Rule 51.1, the parties shall confer and submit a single joint proposal for jury instructions to the Court no later than **January 13, 2025**. Before submitting the joint proposal, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed and competing instructions, shall be supported by citation to authority pursuant to Local Rule 7.4. A copy

of the proposed jury instructions must be sent as a Microsoft Word document to **atchley_chambers@tned.uscourts.gov**.

The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury. Proposed jury instructions should follow the form of the pattern instructions.

7.  *Final Pretrial Conference*: A final pretrial conference will be held in Courtroom 1A on **January 20, 2025**, at **3:00 p.m. ET** at the U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. All lawyers who plan to participate in the trial must be present in person at the final pretrial conference.

    (a) *Final Pretrial Order*: The parties shall submit a final pretrial order to the Court at least **five business days** prior to the final pretrial conference by sending it to **atchley_chambers@tned.uscourts.gov**. A sample copy of the final pretrial order is located on the Court's website at **http://www.tned.uscourts.gov**.

    (b) *Trial Briefs*: Any trial briefs regarding anticipated evidentiary and legal issues must be filed at least **three business days** before the final pretrial conference.

    (c) *Exhibits*: Prior to the final pretrial conference, the parties shall meet and confer regarding the authenticity and admissibility of all exhibits they intend to use at trial. At least **five business days** prior to the final pretrial conference, the parties must file an exhibit list with exhibits pre-marked for identification purposes.

    Counsel should be prepared to discuss any objections to a party's exhibit list at the final pretrial conference.

    (d) *Courtroom Technology*: On or before **January 20, 2025**, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during trial and how they intend to use it (*e.g.* display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom and (2) Court-supplied equipment they intend to use. The parties shall confirm the compatibility and viability of their planned use of technology with the Court's equipment. General information regarding equipment supplied by the Court is available on the Court's website; specific questions should be directed to courtroom deputy Allison Laster at **allison_laster@tned.uscourts.gov**.

8.  *Trial*: The trial of this case will be held in Chattanooga, Tennessee, before the United States District Judge **and a jury** beginning on **February 3, 2025**, at **9:00 a.m. ET**. The trial is expected to last two weeks. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

**SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. ANY FURTHER MODIFICATION OF THE DATES HEREIN MUST BE SOUGHT BY A MOTION TO MODIFY THOSE DATES/ DEADLINES.[1]**

**SO ORDERED.**

**/s/**_____
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Due to the demands of the Court's docket, all civil trials and pretrial hearings are conducted in Chattanooga, Tennessee. The Court will entertain a motion to conduct trial in another division of this Court upon a showing of good cause by the parties. Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the final pretrial conference**, and the grant or denial of the same rests in the Court's discretion.