UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

---------------------------------------x

CITY OF TAYLOR GENERAL
EMPLOYEES RETIREMENT SYSTEM,
Individually and on Behalf of
All Others Similarly Situated,

             Plaintiff,

                       Case No.
                       1:19-CV-00024

      vs.

ASTEC INDUSTRIES, INC., BENJAMIN G.
BROCK and DAVID C. SILVIOUS,

             Defendants.

---------------------------------------x

REMOTE/ORAL/WEB VIDEOCONFERENCE
VIDEOTAPED DEPOSITION OF LUCY P. ALLEN
Wednesday, January 31, 2024
10:01 a.m.

Reported by:
Jennifer Ocampo-Guzman, CRR, CLR
JOB NO. 6442442

Case 1:19-cv-00024-CEA-CHS   Document 111-3   Filed 02/12/24   Page 1 of 5
PageID #: 2174

test that he's trying to do.  So whether it responds to information, responds quickly to information is what -- is one of the tests of an efficient market.

Q.    If a company omits information from investors and from the market that the market doesn't know about, would you expect there to be a price reaction?

A.    Again, it depends on the situation.

So for example, if, you know, the expectation is that this is a risky venture and it might not go well, and the, you know, the company doesn't say anything negative, that in itself could be positive information.

Q.    Or if the company said there was no risk.

A.    I'm sorry?

Q.    If the company said there is no risk.

A.    No what?

Q.    No risk, that their venture could go bad.

A.    No risk?  Is that what you're saying?

Q.    Zero risk, no risk.

Case 1:19-cv-00024-CEA-CHS    Document 111-3    Filed 02/12/24    Page 2 of 5
PageID #: 2175

MS. CLARK: Object to the form.

A. I'm sorry, I misunderstood the hypothetical now. What are we saying?

Q. So you said if the company says that they're engaging in a risky endeavor, that the fact that things are going as planned could be seen as good news, because things could have gone poorly because it's a risky endeavor. Seems like the flip side of that would be that if a company said we're engaging in an endeavor in which there is no risk, that disclosing that things are going according to plan would, therefore, not be seen as good news and would not have a price reaction; is that correct?

MS. CLARK: Object to the form.

A. I think that might be correct.

Q. So if Astec had told the market that there is no risk that the Hazlehurst plants would be unable to repay their loan and then they failed to disclosure that the Hazlehurst plant was unable to repay their loan, the market wouldn't be expected to react positively to that omission; is that correct?

Case 1:19-cv-00024-CEA-CHS    Document 111-3    Filed 02/12/24    Page 3 of 5
PageID #: 2176

MS. CLARK: Object to the form.

A. Yeah, I'm not sure I've ever heard a company ever say there was no risk to something. So it seems like if the company has any lawyers at all they would never let them get out there and say there is no risk. I'm not familiar with a company ever saying that, but --

Q. But hypothetically if they did?

A. I guess hypothetically if the company says there was no risk and it turns out something bad has happened, and you don't tell anyone about it, I do think in, I think in your hypothetical you might not see any reaction to...

Q. Does testing events that are not anticipated to be statistically significant in an efficient market informative as to the efficiency of the market?

A. I think it can be, I mean if all you choose are events that you, that you would not expect -- if all you do is test reactions to events that you have no expectation that they would affect the market, then I don't see that that's

meaningful. But I think if you pick events that you have an expectation include events that would affect the market, then, yes, I think that could be meaningful.

Q. In paragraph 26 of your report, of Exhibit 1, you state that "Dr. Werner's main test," which I believe you're referring to as his initial test, whether the alleged corrective information affected the stock price, is unreliable "because it fails to account for any confounding information that might be driving the price reactions on those five chosen dates." Do you see that?

A. Yes.

Q. What profits or methodology did you apply to determine what constitutes confounding information?

A. I didn't separate out the confounding information, I'm saying he's doing nothing to separate out the confounding information, and there is just information announced on these dates that includes segments of the business that don't even include the pellets plants. So the allegations relate to the pellet plants, and

Case 1:19-cv-00024-CEA-CHS    Document 111-3    Filed 02/12/24    Page 5 of 5
PageID #: 2178