**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CITY OF TAYLOR GENERAL EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of all Others Similarly Situated, | ) ) ) ) ) | CLASS ACTION |
| *Plaintiff*, | ) ) | Case No. 1:19-cv-24 |
| v. | ) ) | |
| ASTEC INDUSTRIES, INC., BENJAMIN G. BROCK, and DAVID C. SILVIOUS, | ) ) ) | Judge Atchley Magistrate Judge Steger |
| *Defendants.* | ) ) | |

## ORDER GRANTING DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Having considered all materials and arguments submitted in support of Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds (the "Motion") [Doc. 131], including the Memorandum of Law in Support of the Motion [Doc. 132] and the Declaration of Sarah Evans Concerning the Results of the Claims Administration Process (the "Evans Declaration") [Doc. 133],

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion [Doc. 131] is **GRANTED**.

2. This order incorporates by reference the definitions in the Stipulation of Settlement filed with the Court on May 6, 2024 (the "Stipulation") [Doc. 114]. All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Evans Declaration.

3. The administrative determinations of the Claims Administrator to accept properly documented, valid claims, as set forth in the Evans Declaration and Exhibits B-1 and B-2 thereto

are approved. The administrative determinations of the Claims Administrator to reject inadequately documented and ineligible claims, set forth in Exhibits D and E of the Evans Declaration, respectively, are approved.

4. Any person submitting claims received after June 25, 2025, and any responses to rejected or deficient claims received after August 7, 2025, the last day of the claims administration process, are finally and forever barred from asserting such claims.

5. The distribution plan for the Net Settlement Fund as set forth in the Evans Declaration and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Evans Declaration, pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund.

6. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Evans Declaration will irrevocably forfeit all recovery from the Settlement.

7. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used to: (i) pay any amounts mistakenly omitted

from the initial distribution to Authorized Claimants; (ii) pay any additional Administration Costs incurred in administering the Settlement; and (iii) make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

8. At such time as Class Counsel, in consultation with the Claims Administrator, determine that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs will file a motion requesting that any remaining monies will be donated to a *cy pres* recipient approved by the Court.

9. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. The Claims Administrator is hereby ordered to discard paper or hard copies of claims and all supporting documents no less than one year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same no less than three years after all distributions of the Net Settlement Fund to the eligible claimants.

3

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**